**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 95-40715
(Summary Calendar)
_____


MICHAEL J. FRISCHENMEYER,

                                        Plaintiff-Appellant,

                            versus

PAUL W. BOONE, Sheriff
Cass County, Tx; MERLE HUFFMAN,
Sheriff's Capt. Cass County Jail;
NEAL BIRMINGHAM, Criminal D.A. of
Cass County, Tx; ALAN POWELL, In
his official Capacity as Deputy
Sheriff, Cass County Sheriff's
Dept.; JAMES BLAIN, Deputy Cass
County Sheriff's Department,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(2:94-CV-169)
_____

April 17, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant  Michael  J.  Frischenmeyer,  a  pretrial

detainee in the Cass County, Texas, jail, appeals the dismissal as

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

frivolous pursuant to 28 U.S.C. § 1915(d) of some of his civil rights claims under 42 U.S.C. § 1983, and the dismissal of other § 1983 claims in the partial summary judgment granted by the district court in favor of a number of the defendants. We affirm all of the district court's dismissals except the one disposing of Frischenmeyer's claim that he was punished, in violation of the Due Process Clause, when he was left chained in the detox facility of the jail for five days. That one we vacate and remand for further proceedings.

I

FACTS AND PROCEEDINGS

Frischenmeyer filed this civil rights action against Paul Boone, the Sheriff of Cass County; Captain Merle Huffman, a deputy; Neal Birmingham, the District Attorney; Allen Powell and Jim Blain, his jailers; and all personnel at the Cass County Jail.[1] In his complaint and at a hearing held pursuant to Spears v. McCotter, 766 F.2d 179, 181-82 (1985), Frischenmeyer raised a plethora of issues, both initially and subsequently. We have carefully reviewed the record and the arguments of the parties and find none meriting discussion or further consideration on appeal, save only the one regarding being held in chains in the detox facility, which we now address.

Frischenmeyer alleges that he was placed in solitary confinement on September 21, 1994; and, upon his release from such

_____

Frischenmeyer was confined in the jail from August 1994, until February 1995.

2

confinement on October 7, 1994, was returned to the cellblock in which two inmates who had allegedly attacked him were housed. Frischenmeyer asserts that after he threatened to commit suicide if he were left in the cellblock with his alleged attackers, Captain Huffman ordered that he be taken to detoxification, put in belly chains, leg irons, and drag chains, and made to sleep on the floor in chains without a mattress or blanket. He further alleges that he was left in that condition for five days, which he classifies as a due process violation. At some point, he alleges, Huffman changed her mind and ordered the guards to take off the chains, but the Sheriff ordered that the chains be put on again. In an amended complaint, Frischenmeyer added claims that, inter alia, he was placed in detox without a hearing and was removed from detox and, without a hearing, again placed in solitary confinement but without a loss of privileges.

Frischenmeyer consented to proceed before the magistrate judge.

The remaining defendants filed a motion to dismiss, supported by affidavits and exhibits, pursuant to Fed. R. Civ. P. 12(b)(6), noting that their motion should be treated as one for summary judgment. Huffman, Powell, and Blain made a number of assertions in their summary judgment motion, and Huffman added that jail records indicate that Frischenmeyer was placed in administrative segregation on September 23, 1994, for his own protection, and not to punish or discipline him. Unfortunately, Huffman did not mention Frischenmeyer's placement in detox in chains.

Frischenmeyer filed a "Motion to Strike Defendants [sic] Motion to Dismiss for Failure to State a Claim upon Which Relief May Be Granted."  The magistrate judge properly treated this motion as Frischenmeyer's response to the defendants' motion for summary judgment because it contained materials outside of the pleadings.

Frischenmeyer does not challenge the criteria for placing pretrial detainees in jail cells or the general practices concerning pretrial confinement.  His claims are based on episodic acts by Huffman, Powell, and Blaine; therefore, the subjective deliberate indifference standard of Farmer v. Brennan, 114 S.Ct. 1970 (1995), applies.  See Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc).

Frischenmeyer contends that he threatened suicide and asked to be returned to a segregated cell because, upon his earlier release from segregation, Huffman had ordered that he be placed in cell number 156 with one or two of his alleged attackers.  Instead of placing him in cell number 163, as he requested, he was taken to the "detox" tank because of his the suicide threat.  According to Frischenmeyer, he spent five days sleeping on the floor in leg irons, handcuffs, belly chain, and drag chain.  The question thus presented is whether Huffman punished Frischenmeyer by placing him in detox in chains for five days.

The magistrate judge stated that the "[o]fficials in the present case acted responsibly to protect the plaintiff from himself," and that Frischenmeyer's due process rights were not triggered because he "was placed in the detoxification tank for his

4

own protection, as opposed to a punitive measure."  The magistrate judge dismissed this claim as frivolous without inquiring further concerning Frischenmeyer's allegations that he was placed in chains for five days.  Although it is not absolutely clear, the magistrate judge appears to have dismissed this claim under § 1915(d).

Frischenmeyer's allegations that Huffman and the Sheriff punished him in the detox/chains incident, in violation of the Due Process Clause, are not "fanciful, fantastic, and delusional." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  The magistrate judge's characterization of the official conduct granting Frischenmeyer's request to place him in a protected cell may have been inaccurate.  There is no indication that Frischenmeyer had known suicidal tendencies. See Rhyne v. Henderson County, 973 F.2d 386, 391 (5th Cir. 1992).  Given the allegations of a previous attack on Frischenmeyer and severe resulting injuries, Frischenmeyer's suicide threat may have been his own hyperbole uttered out of concern for being housed once more with his alleged attackers.  Even if the placement in a protected cell was a response to the suicide threat, though, that does not explain why Huffman and the Sheriff authorized placing Frischenmeyer in chains.

At the Spears hearing, the magistrate judge stated that he would have the Sheriff and Huffman answer regarding the placing of Frischenmeyer in detox in chains; however, the magistrate judge does not appear to have had the Sheriff answer.  Further, the magistrate judge permitted Frischenmeyer to proceed on the due process claims against Huffman; however, she limited her response

5

to the issue of placing Frischenmeyer in isolation and failed to address the detox/chains incident.  As a further development of the facts through a response by the defendants was called for, we are left with no choice but to conclude that the magistrate judge abused his discretion in dismissing this claim as frivolous under § 1915(d).

Accordingly, we vacate the dismissal of Frischenmeyer's claim concerning his confinement in detox in chains and remand for further proceedings.  The magistrate judge's dismissal of all other claims that Frischenmeyer asserted is affirmed.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED in part, VACATED and REMANDED in part.