IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10198
Summary Calendar
_____

WILLIAM STEVE MCGREW,

                                           Plaintiff-Appellant,

v.

GEORGE W. BUSH, Governor
of Texas; TEXAS BOARD OF
PARDON & PAROLES, CHIEF
EXECUTIVE DIRECTORS; TEXAS
DEP'T OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                           Defendants-Appellees.


WILLIAM STEVE MCGREW,

                                           Plaintiff-Appellant,

v.

AMY BROOME, Wichita County
District Attorney; JOHN
HOGAN, Judge, County Court
of Law No. 1; JANICE RALSTON
SONS, Judge, Justice of the
Peace; WF CITY ATTORNEY;
JUDGE GILLEN, Municipal
Court,

                                           Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:96-CV-56-X C/W
No. 7:96-CV-57-X
- - - - - - - - - -
December 17, 1997
Before DUHÉ, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

William Steve McGrew, Texas state prisoner # 374537, argues that the district court abused its discretion in consolidating his two civil rights complaints. The cases involved common questions of law and fact and their disposition in one proceeding served the interest of judicial economy. The district court did not abuse its discretion in consolidating the actions. See Dillard v. Merrill Lynch, Pierce, Genner & Smith, Inc., 961 F.2d 1148, 1161 (5th Cir. 1992).

McGrew argues that the district court abused its discretion in referring the cases to the magistrate judge for the preparation of findings and a recommendation. The district court properly referred the cases to the magistrate judge for a recommendation concerning whether the actions should be dismissed for frivolousness. See 28 U.S.C. § 636(b); Spears v. McCotter, 766 F.2d 179, 180 (5th Cir. 1985).

McGrew argues that the district court abused its discretion in dismissing his complaint as frivolous because the allegations reflect that the defendants' outrageous conduct resulted in the revocation of his parole and his false imprisonment.

The district court did not abuse its discretion in dismissing the complaints under Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994) because McGrew has not demonstrated that the revocation of his parole has been reversed, invalidated, or otherwise set aside. Therefore, any 42 U.S.C. § 1983 complaint for damages that McGrew

may have has not yet accrued.  The district court properly dismissed the complaints as frivolous.

McGrew's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2. McGrew is cautioned that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, McGrew should review any pending appeals to ensure that they do not raise arguments that are frivolous.

McGrew's motion for the appointment of counsel is DENIED.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  McGrew's motions to supplement the record and for the imposition of sanctions against the appellees are also DENIED.

APPEAL DISMISSED; SANCTION WARNING GIVEN.