# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 97-40723
Summary Calendar

RICHARD WAYNE COLLINS,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, Director, Texas Department
of Criminal Justice, Institutional Division; JOSEPH
KEITH PRICE, Warden, Coffield Unit; BILL LAYTON,
Hospital Administrator; THOMAS CARROLL FORD,
Doctor, Coffield Unit; P. PURSCHE, Nurse, Coffield Unit;
UNIDENTIFIED UPSHAW, Assistant Warden, Coffield
Unit; JAMES A. SHAW, JR., Director, Texas Department
of Criminal Justice, Institutional Division; O.D. HUBBTZ,
Deputy Director, Texas Department of Criminal Justice,
Institutional Division; MICAH N. GROS, Co. 3, Coffield
Unit; PAUL GRIFFEY, Co. 3, Coffield Unit; UNKNOWN
COUNSEL SUB., Coffield Unit; BERNIE L. BUSH, Cpt.,
Coffield Unit; B. BLANTON, Coffield Unit; C. WALLIS,
Counsel Sub., Coffield Unit; REGIONAL DIRECTOR,
Texas Department of Criminal Justice, Institutional Division;
UNKNOWN DEFENDANT, Coffield Unit; PATRICK K.
VEST, Lt., Coffield Unit; STEVEN W. WILLIAMS, Sgt.,
Coffield Unit; CHAD E. KELLEY, Co. 3, Coffield Unit;
MICKEY L. DEAN, Co. 3, Coffield Unit; SHANE D.
FARMER, Co. 3, Coffield Unit; TAMMY R. HAM, Co. 3,
Coffield Unit; SABAS SANCHEZ, Co. 3, Coffield Unit;
A. CARLILE, Co. 3, Coffield Unit; UNKNOWN DEFENDANT,
Cpt., Coffield Unit; ALL DEFENDANTS,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
(6:96-CV-1104)

January 30, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and PARKER, Circuit Judges.

POLITZ, Chief Judge:*

Richard Wayne Collins, proceeding *pro se* and *in forma pauperis*, appeals the 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) dismissal of his 42 U.S.C. § 1983 civil rights lawsuit as frivolous and for failure to state a claim. For the reasons assigned, we affirm.

## Background

Collins, a Texas state prisoner, suffers from asthma and other respiratory problems. He claims that he was forced to work in an environment filled with dust, pollen, mold, and fungus which exacerbated his condition. Collins filed a civil rights complaint alleging that the director of the Texas Department of Criminal Justice, Institutional Division, and numerous officials of the Coffield Unit were deliberately indifferent to his serious medical needs, subjected him to cruel and unusual punishment, and retaliated against him by, *inter alia*, assigning him to work

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in conditions inconsistent with his medical restrictions, failing to diagnose other medical conditions, denying him immediate access to medical care, denying grievances, and filing false disciplinary charges.

The magistrate judge conducted a **Spears**[1] hearing. After reviewing Collins' objections and conducting a *de novo* review, the district court adopted the magistrate judge's report and dismissed Collins' complaint with prejudice as frivolous and for failure to state a claim.

Analysis

For the first time on appeal, Collins contends that the district court erred by not ordering the United States Department of Justice to deliver certain evidence he claims he has for the court's review;[2] by dismissing his complaint with prejudice; and failing to construe his motion for extension of time to amend his complaint as either a motion to postpone proceedings or as a motion for voluntary dismissal. We review contentions not raised in the district court only for plain error.[3] We find no error, plain or otherwise, in the issues raised by Collins. His appeal is without

---

[1] **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985).

[2] Collins wrote to the Department of Justice asking for assistance with the alleged civil rights violations due to the dusty working conditions. He allegedly sent copies of grievance reports, sworn witness statements, and his own chronicle of the working conditions. Collins alleges that this evidence was necessary to prove that he has stated a claim.

[3] **Douglass v. United Servs. Auto Ass'n**, 79 F.3d 1415 (5th Cir. 1996) (en banc).

3

arguable merit and is frivolous.

Collins is cautioned that any future frivolous appeals filed by him or on his behalf will invite the imposition of the full panoply of sanctions, including the requiring of prior court approval before an appeal may be filed.

JUDGMENT AFFIRMED; SANCTIONS CAUTION ISSUED.

4