IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41210
Summary Calendar
_____

ROBERT DAVIS,

                                        Plaintiff-Appellant,

versus

WILBUR DIXON, Coffield Unit; KEVIN MOORE,
Warden, Coffield Unit; C. CHOATE, Mailroom,
Coffield Unit,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-409
- - - - - - - - - -
March 31, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Robert Davis, a Texas prisoner (# 584003), appeals from the
dismissal of his in forma pauperis complaint as frivolous,
pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), following an
evidentiary hearing before a magistrate judge pursuant to Spears
v. McCotter, 766 F.2d 179 (5th Cir. 1985).  Davis contends that
the magistrate judge erred in rejecting his claims that a prison
doctor had been deliberately indifferent to his medical needs by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

failing to prescribe arch supports for his shoes and that the warden and mailroom supervisor had violated his Eighth Amendment rights by failing to forward to him shoes that he mail-ordered from an outside vendor. Davis had also vaguely alleged that failure to provide him with sufficient hygiene items in the "Level III" unit where he is confined constitutes cruel and unusual punishment. We have reviewed the record and Davis' brief and AFFIRM essentially for the reasons set forth by the magistrate judge in her memorandum opinion. <u>Davis v. Dixon</u>, No. 6:97-CV-409 (E.D. Tex. Sept. 16, 1997); <u>see</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 33-34 (1992) (construing former 28 U.S.C. § 1915(d)). Davis has raised other claims for the first time on appeal--regarding "paper gowns," "paper masks," and food loaf-- but he had not demonstrated plain error as to these new allegations. <u>See</u> <u>Robertson v. Plano City of Tex.</u>, 70 F.3d 21, 23 (5th Cir. 1995).

AFFIRMED.