IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40776
Summary Calendar

_____

JESSE WARE,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; RAYMOND THOMPSON,
Warden, Powledge Unit; T. L. WOMACK, Warden, Powledge
Unit; J. D. WHITTEN, Major, Powledge Unit; J. TESLAR,
Lieutenant, Powledge Unit; K. KUYKENDALL, DR.; JAMES
W. BRANCH, M.D.; MERIENE MOSER, Nurse, University of
Texas Medical Branch, Texas Department of Criminal
Justice, Institutional Division; R. DUJAY, Nurse,
University of Texas Medical Branch, Texas Department
of Criminal Justice, Institutional Division; D. YONTS,
Correctional Officer, Powledge Unit; JEREMY CRUTCHER,
Correctional Officer, Powledge Unit,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-757
- - - - - - - - - -

June 25, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

        Jesse Ware, a Texas prisoner (# 395442), appeals from the

dismissal of his in forma pauperis civil rights complaint as

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), following a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). Ware asserted that after he fell in the medical ward in October 1996 and January 1997, correctional employees, including two nurses, were deliberately indifferent to his medical needs by failing to provide him proper treatment.

Although the district court may have improperly discredited some of Ware's allegations and Spears-hearing testimony by relying on Ware's extensive medical records, see Williams v. Luna, 909 F.2d 121, 124 (5th Cir. 1990), any such error was harmless. See FED. R. CIV. P. 61; Norton v. Dimazana, 122 F.3d 286, 293. Ware's assertions about the aggravation of pre-existing injuries caused by the falls have been and remain too speculative to support his claims that defendants were deliberately indifferent, and the records generally show that Ware has received frequent and intensive medical treatment since his parole was revoked in 1995. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither the medical records nor Ware's own allegations support a conclusion that any defendant knew that Ware "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). The district court's dismissal of the complaint was not an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992).

All pending motions are DENIED.

AFFIRMED; MOTIONS DENIED.