UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40026
Summary Calendar

_____

GARY FRANKLIN LETT,

Plaintiff-Appellant,

versus

THERESA ANTWINE, Correctional Officer;
SANDRA HAYES, Correctional Officer;
LOIS HOLLOWAY, Correctional Officer III;
CAPRISHA JACK, Correctional Officer III;
F. VALCIN, Correctional Officer;
D'WANDA MARKS, Counsel Substitute;
MICHAEL DABNEY, Unit Disciplinary Hearing Officer;
UP KIRKENDALL, Counsel Substitute;
UP BROWN, Counsel Substitute;
FELICIA DAVIS, Correctional Officer III,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:96-CV-434)

_____

September 16, 1999

Before SMITH, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Gary Franklin Lett, Texas prisoner # 663855, *pro se* and *in forma pauperis* (IFP), appeals the dismissal of his 42 U.S.C. § 1983 action as frivolous and for failing to state a claim upon which relief may be granted.  Lett raises four issues.

First, Lett contends that the hearing conducted pursuant to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds*, *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), was fundamentally deficient because he was not given sufficient opportunity to present his version of the facts or to otherwise present evidence. He has failed to identify a deficiency in the *Spears* proceedings. A *Spears* hearing is not a trial on the merits, but is similar to a motion for a more definite statement. *See Spears*, 766 F.2d at 180-82; *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).

Second, Lett maintains that the magistrate judge improperly dismissed his action for failure to satisfy the requirements of *Heck v. Humphrey*, 512 U.S. 477 (1994). To recover damages in a § 1983 action for an allegedly unconstitutional conviction or imprisonment, the plaintiff must prove that the conviction or sentence has been invalidated. *See id.* at 486-87. For the first time on appeal, and without supporting evidence, Lett contends that a state court issued a writ of habeas corpus invalidating his prison sentence. This untimely and undocumented contention does not justify finding plain error. *See United States v. Olano*, 507 U.S. 725, 736 (1993); *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995).

Lett's third contention is that the sanctions levied against him through the prison disciplinary proceedings implicate a liberty interest under the Due Process Clause. He complains that he is not allowed to practice his religion, attend church, attend school, seek rehabilitation, participate in recreation, or eat meals.

*Other than the inability to attend school*, none of these sanctions were raised in Lett's § 1983 complaint, and thus are reviewed only for plain error. *See Olano*, 507 U.S. at 736. Lett's removal from school does not amount to an atypical or significant hardship that would implicate a liberty interest under the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (explaining that liberty interests created by the states under the Due Process Clause are "generally limited to freedom from restraint"). Nor do the remaining claims constitute plain error. *See Olano*, 507 U.S. at 736; *Robertson*, 70 F.3d at 23.

Finally, Lett claims that the prison disciplinary proceedings created a cause of action for malicious prosecution. With respect to each of the disciplinary proceedings identified in his complaint, Lett has failed to demonstrate either that the disciplinary proceedings terminated in his favor or that he was damaged by the proceedings. *See Pete v. Metcalfe*, 8 F.3d 214, 219 (5th Cir. 1993). Thus, he has failed to state a claim of malicious prosecution upon which relief may be granted.

Lett has failed to raise a meritorious claim on appeal. Accordingly, the dismissal of Lett's action as frivolous, pursuant to 28 U.S.C. § 1915(e)(2), is **AFFIRMED**. The dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (affirmance of district court's dismissal as frivolous counts as a single strike). It is Lett's first "strike". Lett is cautioned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal

filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

***AFFIRMED***