IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21068
Summary Calendar
_____

BILLY RAY RISLEY,

Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION;
M.B. THALER; C. BROWN; ZIMA, DR.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1618
--------------------

October 22, 1999

Before SMITH, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Billy Ray Risley, Texas prisoner # 715659, appeals the

district court's dismissal of his 42 U.S.C. § 1983 civil rights

complaint as frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i).

Risley contends that M.B. Thaler, former warden of the Ellis unit

of the Texas Department of Criminal Justice, Institutional

Division; Dr. Zima, a physician employed at the Ellis Unit; and

C. Brown, a guard also employed at the Ellis Unit subjected him

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to cruel and unusual punishment and were deliberately indifferent to his serious medical needs by requiring him to perform work beyond his physical capacity. Risley contends that the district court erred in denying his motion for summary judgment and in denying his right to a jury trial. He also argues that the district court abused its discretion by denying his motion for the appointment of counsel, denying his motions for discovery, and in dismissing his § 1983 complaint as frivolous.

Risley has not shown that the district court abused its discretion by denying his motion for the appointment of counsel. Risley's claim is simple and straightforward and his pleadings show that he is literate and able to present cogent arguments to the court. See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982).

Risley has not shown that the district court abused its discretion in denying his discovery requests. The district court was neither arbitrary nor unreasonable in denying discovery motions for a defendant that had not yet been served with process and had not yet filed an answer. Mayo v. Tri-Bell Indus., Inc., 787 F.2d 1007, 1012 (5th Cir. 1986).

Risley has not shown that the district court erred in denying his motion for a summary judgment. Risley was not entitled to obtain a default judgment because, pursuant to an order of the district court, the defendants were under no obligation to answer Risley's complaint before the Spears hearing.

Risley has not shown that the district court erroneously

deprived him of his right to a jury trial by dismissing his complaint following the <u>Spears</u> hearing. A district court may dismiss a complaint as frivolous following a <u>Spears</u> hearing despite a jury-trial request. <u>Spears v. McCotter</u>, 766 F.2d 179, 180-82 (5th Cir. 1985).

Nor has Risley shown that the district court abused its discretion in dismissing his § 1983 action as frivolous. <u>See</u> § 1915(e)(2)(B)(i). Risley's allegations indicate disagreement with his doctor's initial diagnosis that he was capable of doing field work; at most, they show negligence or medical malpractice. As noted above, disagreement with one's medical treatment, negligence, or medical malpractice is insufficient to support a § 1983 claim. <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991). The district court's dismissal of Risley's § 1983 complaint is AFFIRMED.