Norman R. SPEARS,
Plaintiff-Appellant,

v.

O.L. McCOTTER, Director, Texas
Department of Corrections, et
al., Defendants-Appellees.

No. 83–2623.

United States Court of Appeals,
Fifth Circuit.

July 3, 1985.

David D. Sterling, Houston, Tex., (Court Appointed-Not Under Act), for plaintiff-appellant.

Jim Mattox, Atty. Gen., J.D. Hooper, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before BROWN, POLITZ and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

This civil rights complaint by a prisoner inexorably directs our consideration of questions of court administration and the scope of one of the provisions of the Magistrates Act, 28 U.S.C. § 636(b)(1). Norman R. Spears invoked 42 U.S.C. § 1983 and filed a *pro se* complaint against the director and several employees of the Texas Department of Corrections, alleging that he had been subjected to cruel and unusual punishment by being required to perform work beyond his physical capacity, and that his medical needs had not received proper attention. Both Spears and the appellees demanded a jury trial. The case was referred to a United States Magistrate for an evidentiary hearing, without a jury, after which the magistrate recommended that the case be dismissed. The district court adopted the magistrate's recommendation and dismissed the suit. We perceive no difficulty with the magistrate conducting a hearing to determine the specificity of Spears' claim leading to a recommendation of dismissal of the defined claim as frivolous. Finding that dismissal fully justified, we affirm.

Spears objects to the magistrate's evidentiary hearing on grounds that the magistrate decided the case on its merits in contravention of his jury demand. Spears relies in part on our statement in *Ford v. Estelle,* 740 F.2d 374, 380 (5th Cir.1984), where we stated that "[s]ection 636(b)'s provision for reference of 'conditions of confinement' petitions must be limited to authorize designation of magistrates to hold evidentiary hearings only for the determination of nonjury issues." That statement assumes, however, a case in which we are presented with a discernible and critical question of fact. If a prisoner's petition relating to conditions of confinement contains only conclusionary allegations, notwithstanding a timely prayer for a jury trial reference to a magistrate to determine the factual basis of such allegations may be proper. Thus, if a prisoner's section 1983 petition alleges gross inadequacy of attention to his serious medical needs, he has alleged a factual issue, albeit in the form of a conclusion. It would be inappropriate to refer that case to a magistrate for a trial over the prisoner's objections. But the trial court *may* refer the case to a magistrate to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim. We find support for reference to magistrates in such situations.

The magistrate properly may be asked by the district court to investigate whether a prisoner's motion for leave to appeal *in forma pauperis* should be denied on grounds of frivolity.[1] *See* 28 U.S.C.

1. Indeed, if the motion has already been provisionally granted, the trial court may direct the magistrate to recommend whether pauper status

§ 1915(d). Such motions should be denied as frivolous where the legal points lack arguable merit. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d),[2] the court must inquire whether there is an arguable "factual and legal basis, of constitutional dimension, for the asserted wrong." *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir.1976). This inquiry perforce involves focusing precisely on a prisoner's factual allegations, puncturing the conclusion balloon in which they may at first be lodged.

The facts of this case pointedly illustrate the imperative of requiring greater specificity from prisoners who allege constitutional deprivations. Spears was dissatisfied with the medical treatment he received for about a year, beginning in the summer of 1980 when he first entered the Texas Department of Corrections. His testimony before the magistrate reflected that he was given progressively lighter work duties because of his complaints, and that finally, on July 10, 1981, he was withdrawn from assignment to any work whatever. Moreover, during that period he was examined by no fewer than five doctors, x-rayed three times, and was seen more than 40 times by TDC medical personnel. The magistrate concluded that Spears' claim of "deliberate indifference to his medical needs" meant merely that he disagreed with his doctors and was unhappy with the results of his medical treatment. We join the district court and the magistrate in viewing that as the essence of Spears' complaint.

We have stated that a district court need not specifically term a prisoner's suit "frivolous" to merit dismissal under § 1915(d). The word contains no magic legal elixir:

> The district court did not expressly state that Irving's claims were "frivolous." However, since the court could not determine the merits of Irving's complaint prior to service without concluding that the complaint was "frivolous" under § 1915(d), we treat the court's conclusion as a § 1915(d) determination.[3]

*Irving v. Thigpen,* 732 F.2d 1215, 1216 n. 2 (5th Cir.1984). Stripping this record to legal essentials, we perceive that the district court referred this case to the magistrate for disposition, including, upon the development of Spears' claim, use of the authority vested by 28 U.S.C. § 1915(d) to recommend that Spears be denied pauper status if his suit be found frivolous.

We believe other grounds would support reference for a § 1915(d) determination. For a number of years the courts have used questionnaires to assist trial judges to bring into focus the factual and legal bases of prisoners' claims. We have referred to such questionnaires as being "in the nature of a motion for more definite statement" under Fed.R.Civ.P. 12(e). *Watson v. Ault,* 525 F.2d at 892. The prisoners' answers to such questionnaires elaborate on the allegations contained in their complaints under Fed.R.Civ.P. 15(a), and do not constitute an independent pleading. *See Watson v. Ault,* 525 F.2d at 892. This practice of having the prisoner state with more definiteness the form and substance of his claim occurs before service of process is required. *Id.* at 893.

We see no reason why a district court may not, in lieu of such questionnaires, refer the case to a magistrate to hold an evidentiary hearing "in the nature of a

should be revoked, if it appears that the suit is frivolous.

2. The statute reads in part: "The court may ... dismiss the case ... if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d).

3. Likewise here, the magistrate did not expressly term Spears' claims "frivolous." We find the language of his proposed findings of fact and conclusions of law sufficiently demonstrative of the frivolity of Spears' claims, although the form is inappropriate. Magistrate Botley stated at the outset that a "pro se plaintiff [must] be required to establish that his claims have sufficient prima facie merit to justify the expense of litigation. This is especially true where plaintiffs have filed a complaint *in forma pauperis.*" This invites a consideration and ruling under § 1915(d).

motion for more definite statement." The magistrate's findings and recommendations should prove of greater aid than a prisoner's written answers on a questionnaire, in the determination whether a claim is frivolous. We are aware of neither constitutional nor statutory infirmity in such a procedure.

■ Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists. Spears contends that since Magistrate Botley concluded his recommendation with language to the effect that even if all the facts alleged in favor of Spears' complaint were true he could not demonstrate a violation of civil rights under § 1983, the magistrate was impermissibly recommending dismissal on a Fed.R.Civ.P. 12(b)(6) motion. We are persuaded of no error; the standard for determining the legal sufficiency of a complaint is the same under either Fed.R.Civ.P. 12 or 28 U.S.C. § 1915(d). *Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457 (5th Cir. 1983).

■ The federal courts continue to wrestle with the myriad problems presented by prisoners' cases, the volume of which mounts daily. Almost a decade ago Judge Bell of this court addressed the "difficult task facing the courts of winnow[ing] out the wheat from the unusual amount of chaff necessarily presented in a system which fosters *pro se* litigation." *Watson v. Ault*, 525 F.2d at 890. In the intervening years the task has become more unmanageable, our winnowing fans are seemingly impotent when applied to the mountains of chaff before us. We must take advantage of every tool in our judicial workshop. The district courts should use with greater frequency the device of referring prisoners' cases to magistrates for § 1915(d) determinations and for Rule 12(b)(6) review of specific claims. To do so will not be adverse to meritorious prisoners' claims. To the contrary, limited judicial resources might then be utilized more timely and more effi-

caciously to resolve those cases in which relief should be granted.

AFFIRMED.