Curtis SHABAZZ, Plaintiff–Appellant,

v.

James A. LYNAUGH, et al.,
Defendants–Appellees.

No. 92–4120

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 29, 1992.

Curtis Shabazz, pro se.

No appearance for appellee.

Before POLITZ, Chief Judge, DUHÉ and
DeMOSS, Circuit Judges.

PER CURIAM:

Curtis Shabazz, proceeding *pro se* and *in forma pauperis*, appeals the dismissal under 28 U.S.C. § 1915(d) of his civil rights suit. The district court found an absence of a significant injury, a requirement under then controlling circuit precedents. Those precedents were overruled by the intervening decision of the Supreme Court in *Hudson v. McMillian*.[1] We vacate and remand for reconsideration in light of *Hudson.*

Shabazz filed a 42 U.S.C. § 1983 suit against various officials of the Texas Department of Criminal Justice and a corrections officer at the Eastham Unit, complaining of excessive force which resulted in injury to his knee and shoulder. Following a *Spears*[2] hearing, and determining that no significant injury was sustained, the district court exercised the authority vested by 28 U.S.C. § 1915(d) and dismissed the *in forma pauperis* suit as frivolous. Shabazz timely appealed.

---

1. —— U.S. ——, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

2. *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985). In *Spears* we approved the use of a limited evidentiary hearing in lieu of a written questionnaire to flesh out the factual and legal bases for *pro se* prisoner complaints. These hearings were recorded on audiotape, a procedure which, after transcription, produced what we implicitly approved as a sufficient appellate record. *See Wesson v. Oglesby,* 910 F.2d 278 (5th Cir.1990). In the present case, as in several others previously reviewed by us including *Sparks v. Murphy,* 961 F.2d 1572 (5th Cir.1992); 92–4191, *Green v. Ward,* 973 F.2d 925 (5th Cir. 1992); 92–4183, *Green v. Scott;* 92–4256, *Aguilar v. Terrell;* 92–4205, *Winn v. Turner;* 92–4298, *Graves v. Russell;* and 92–4233, *Holman v. Reed,* the hearing was recorded on videotape which is superior to the audiotape and, for *Spears* hearings purposes, is considered a sufficient record of the proceedings.

▬ In overruling this court's precedents, the *Hudson* Court held that in order to establish an eighth amendment violation in an excessive force case, the complainant need not plead and prove significant injury as a necessary requisite for his claim. Accordingly, we must vacate the dismissal and remand for reconsideration in light of the teachings of *Hudson*. In this reconsideration the district court should look to: the extent of the injury suffered; the need for application of force; the relationship between that need and the amount of force used; the threat reasonably perceived by responsible officials; and any efforts made to temper the severity of a forceful response. *Hudson*.[3]

VACATED and REMANDED.

---

3. —— U.S. at ——, 112 S.Ct. at 999, 117 L.Ed.2d at 166 (citing *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251, 261–62 (1986)).