**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 92-4120
Summary Calendar

CURTIS SHABAZZ,

Plaintiff-Appellant,

versus

JAMES A. LYNAUGH, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas

(September 29, 1992)

Before POLITZ, Chief Judge, DUHÉ and DeMOSS, Circuit Judges.

PER CURIAM:

Curtis Shabazz, proceeding *pro se* and *in forma pauperis*, appeals the dismissal under 28 U.S.C. § 1915(d) of his civil rights suit.  The district court found an absence of a significant injury, a requirement under then controlling circuit precedents.  Those precedents were overruled by the intervening decision of the

Supreme Court in **Hudson v. McMillian**.[1]  We vacate and remand for reconsideration in light of **Hudson**.

Shabazz filed a 42 U.S.C. § 1983 suit against various officials of the Texas Department of Criminal Justice and a corrections officer at the Eastham Unit, complaining of excessive force which resulted in injury to his knee and shoulder.  Following a **Spears**[2] hearing, and determining that no significant injury was sustained, the district court exercised the authority vested by 28 U.S.C. § 1915(d) and dismissed the *in forma pauperis* suit as frivolous.  Shabazz timely appealed.

In overruling this court's precedents, the **Hudson** Court held that in order to establish an eighth amendment violation in an excessive force case, the complainant need not plead and prove significant injury as a necessary requisite for his claim.  Accordingly, we must vacate the dismissal and remand for reconsideration in light of the teachings of **Hudson**.  In this

---

[1]     \_\_\_\_\_ U.S. \_\_\_\_\_, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

[2]     **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985).  In **Spears** we approved the use of a limited evidentiary hearing in lieu of a written questionnaire to flesh out the factual and legal bases for *pro se* prisoner complaints.  These hearings were recorded on audiotape, a procedure which, after transcription, produced what we implicitly approved as a sufficient appellate record.  See **Wesson v. Oglesby**, 910 F.2d 278 (5th Cir. 1990).  In the present case, as in several others previously reviewed by us including 92-4125, **Sparks v. Murphy**; 92-4191, **Green v. Ward**; 92-4183, **Green v. Scott**; 92-4256, **Aguilar v. Terrell**; 92-4205, **Winn v. Turner**; 92-4298, **Graves v. Russell**; and 92-4233, **Holman v. Reed**, the hearing was recorded on videotape which is superior to the audiotape and, for **Spears** hearings purposes, is considered a sufficient record of the proceedings.

2

reconsideration the district court should look to:  the extent of the injury suffered; the need for application of force; the relationship between that need and the amount of force used; the threat reasonably perceived by responsible officials; and any efforts made to temper the severity of a forceful response. **Hudson**.[3]

VACATED and REMANDED.

---

[3]  _____ U.S. at _____, 112 S.Ct. at 999, 117 L.Ed.2d at 166 (citing **Whitley v. Albers**, 475 U.S. 312, 321, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251, 261-62 (1986)).