**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-20071
Summary Calendar

_____

RAYMOND HAYDEN,

Plaintiff-Appellant,

VERSUS

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
CA H 93 2422

_____

June 23, 1995

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[1]

Raymond Hayden, a Texas Department of Criminal Justice, Institutional Division, inmate sued several representatives of the institution alleging numerous violations of his Constitutional rights. Two of the Defendants answered the complaint. Two did not. The district court held a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and dismissed the claims as

_____

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

frivolous under § 1915(d). Hayden appeals. We find his appeal frivolous and dismiss it.

Appellant lists seven issues which we treat in four groups:

He first contends that it was error for the district court to dismiss his complaint when two Defendants had failed to respond. However, it is clear that a court may dismiss a frivolous complaint before responsive pleadings are filed. Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc).

Hayden next complains of the dismissal of his complaint of inadequate medical care. We have carefully reviewed the record and find that it does not support a finding of deliberate indifference to his serious medical needs. This is the standard he must meet to prevail. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Appellant's next contention is that it was error to dismiss his complaints that prison officials were deliberately indifferent to his working conditions. However his allegations concerning his fall from the trailer, assuming their truthfulness, amount to no more than negligence. This will not support a Constitutional claim.

Finally, Appellant contends that the court violated 42 U.S.C. § 1997e because it did not afford him an impartial hearing. This section addresses prison administrative proceedings and is not relevant to district court proceedings.

APPEAL DISMISSED.