**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-40141
Summary Calendar

_____


ROY COLGROVE,

Plaintiff-Appellant,

VERSUS


JAMES A. COLLINS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:94-CV-1067)

_____

(June 26, 1995)

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[1]

Colgrove challenges the district court's dismissal of his pro
se and in forma pauperis § 1983 suit pursuant to 28 U.S.C. §
1915(d). The district court dismissed Colgrove's complaint with
prejudice. Because Colgrove fails to present a justiciable
controversy, we modify the judgment so that Colgrove's complaint is

_____

[1]Local Rule 47.5 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

dismissed without prejudice for lack of jurisdiction. We affirm the district court's judgment as modified.

## I.

Ray Colgrove, a Texas state inmate, filed this 42 U.S.C. § 1983 action against various Texas Department of Criminal Justice ("TDCJ") officials challenging the adoption of a November 1993 TDCJ policy prohibiting the restoration of forfeited "good time" credits. Prior to November 1993, TDCJ policy apparently provided that good time credits forfeited as a result of a disciplinary action would be restored if an inmate remained free of discipline for a period of ninety days. The new policy provided that forfeited good time credits would no longer be restored. Colgrove filed this § 1983 action alleging that the new policy is an unconstitutional ex post facto provision because it retroactively increases the length of his sentence by decreasing the likelihood that he will accumulate good time credits toward an early release. Colgrove also alleged that the new policy violates the Due Process Clause.

The magistrate judge recommended that Colgrove's complaint be dismissed as frivolous pursuant to § 1915(d). The district court subsequently adopted the magistrate judge's recommendation and dismissed Colgrove's complaint with prejudice. Colgrove timely appealed.

## II.

We need not reach the merits of Colgrove's claims that the

TDCJ's new policy violates the Ex Post Facto and Due Process Clauses because Colgrove lacks standing to assert these claims. Under Article III, standing to sue is a threshold jurisdictional issue which we may address <u>sua</u> <u>sponte</u>. <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975). In order to establish standing, Colgrove must prove that he personally suffered "injury in fact" from the TDCJ's policy change. <u>Id</u>. This harm must be "actual or imminent," not merely conjectural or hypothetical. <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 155 (1990).

Colgrove does not allege that the TDCJ's new policy actually prevented him from redeeming forfeited good time credits or that an adverse application of the policy to his case is imminent. Rather, Colgrove merely speculates that the policy might eventually harm him if he were to forfeit good time credits as a result of a future prison disciplinary proceeding. Indeed, if Colgrove remains free of discipline, he may never suffer any harm from the TDCJ's new policy. Such a speculative claim of injury is insufficient to satisfy Article III's requirements for standing. <u>Id</u>. We therefore conclude that the district court did not err in dismissing Colgrove's complaint.[2] Because this dismissal is based on a lack of subject matter jurisdiction, the district court's judgment must

---

[2] Neither the magistrate judge nor the district court held a hearing pursuant to <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985), prior to dismissing Colgrove's complaint. Colgrove contends that this was an abuse of discretion. However, Colgrove fails to explain how a <u>Spears</u> hearing would allow him to establish standing. Rather, he merely states that a <u>Spears</u> hearing was necessary to prove his claim that the TDCJ's policy is unconstitutional. As we explained above, Colgrove lacks standing to assert this claim.

be modified to reflect that Colgrove's claims are dismissed without prejudice. See Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).

AFFIRMED as modified.