IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10020
Summary Calendar

_____

DAVID LYNN WALLEN,

Plaintiff-Appellant,

versus

EDWARD G. OWENS, Warden, ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:95-CV-92
- - - - - - - - - -
April 3, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

David Lynn Wallen appeals the dismissal for frivolousness of his civil rights complaint asserting various constitutional violations surrounding his prison disciplinary hearing and punishment. Wallen argues the merits of his claim. We have carefully reviewed his arguments and the record. For essentially the same reasons as explained by the magistrate judge in his report and recommendation, we conclude that the court did not

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

abuse its discretion in dismissing the complaint under 28 U.S.C. § 1915(d).

Wallen argues that the prison rulebook and his prison disciplinary records were improperly used at the Spears[**] hearing and the magistrate judge improperly ended the hearing as Wallen attempted to explain further the alleged constitutional violations. Our review reveals no error. Wallen also argues that error ensued from the denial of his written motion to amend his complaint. Wallen had the right to amend his complaint once before the service of a responsive pleading. See Fed. R. Civ. P. 15(a). The claims which Wallen desired to add to his complaint have been considered by this court, and the claims are without merit. Therefore, any error by denying Wallen the right to amend his complaint was harmless. See Fed. R. Civ. P. 61.

AFFIRMED.

---

[**] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).