IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40220
Conference Calendar

_____


DEON MEANS,

                                        Plaintiff-Appellant,

versus

JAMES A. COLLINS; ET AL.,

                                        Defendants,

DAVIS, Ms.; J. LOPEZ,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-95-CV-588
- - - - - - - - - -

August 25, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

     Deon Means, Texas prisoner #506828, filed a pro se, in forma pauperis 42 U.S.C. § 1983 complaint against James A. Collins, in his capacity as the Director of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID); Julia Lopez, in her

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

capacity as the prison librarian; JoAnn Davis, in her capacity as

the mailroom supervisor; and Michael Morgan William, in his capacity as an employee of the TDCJ-ID. In his original complaint and two more definite statements, Means alleged that (1) he was injured as a result of a bus accident and that William, who was the driver of the bus, was negligent; (2) Lopez and Davis denied him access to the courts by interfering with his mail in order to prevent him from filing suit in state court pertaining to the injuries he sustained in the bus accident; (3) Lopez restricted his access to legal materials and inmate assistance, which he averred was done in retaliation for his having filed grievances against her; and (4) he notified Collins of the obstructive behavior of Lopez and Davis and that he failed to take any action. The district court dismissed the complaint.

Means has failed to preserve any issues for appeal related to the claims that he raised in the district court by failing to challenge the district court's reasons for dismissing his complaint. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987)(when appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment).

Means also contends in conclusional terms that he was unable to oppose the summary-judgment motion adequately because the district court prevented him from engaging in discovery by entering a protective order in favor of the defendants. He avers

further that he was prevented from cross-examining Davis at the Spears[**] hearing. His arguments are without merit.

Means fails to specifically identify any factual matters which required discovery, or what information he sought, but was unable to discover, that would have created a material factual dispute. Moreover, the transcript from the Spears hearing shows that Davis was present at the hearing, but that Means never requested that he be allowed to question her or that the district court otherwise prevented him from questioning her.

Means' appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as one "strike" for purposes of 28 U.S.C. § 1915(g). We caution Means that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

DISMISSED AS FRIVOLOUS; WARNING ISSUED.

---

[**]    Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).