## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 97-41409
_____

SONNY WILSON,

                                          Plaintiff-Appellant,

                         versus

LINDA G. DOWDON, Correctional Officer, Coffield Unit,

                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:97-CV-244)
_____

November 24, 1999

Before JONES and DENNIS, Circuit Judges and PRADO[*], District Judge.

PER CURIAM:[*]

        Sonny Wilson ("Wilson"), Texas prisoner #684871, argues
that the district court abused its discretion in dismissing his 42
U.S.C. § 1983 claim as frivolous and for failure to state a claim
upon which relief can be granted.  Wilson argues that the district
court erred in dismissing his excessive force claim based on
controverted prison medical records and without considering the
Officer Linda G. DOWDON's ("Officer Dowdon") culpable intent in

_____

    [*]     District Judge of the Western District of Texas, sitting
by designation.

    [*]     Pursuant to 5th Cir. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

employing the use of force. Our review of the record and applicable case law leads us to affirm in part, vacate in part, and remand to the district court.

Briefly, the facts giving rise to Wilson's claim occurred while he was placed in "super" segregation at the correctional facility, a form of solitary confinement. Under this type of confinement, food is served to inmates on trays which are handed to them through metal slots in metal doors. When Officer Dowdon delivered Wilson's food, he immediately complained about the food and asked to see a supervisor. In response, he alleges that Officer Dowdon slammed the metal slot closed on his hand and used the full weight of her body to crush his hand between the door and the slot.

Procedurally, this case began when Wilson filed suit against Officer Dowdon alleging violations of the Eighth Amendment and claiming that Officer Dowdon took these actions in retaliation for previous complaints Wilson had made against her. A United States Magistrate Judge conducted an evidentiary hearing in accord with Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) and, over Wilson's objections, recommended the suit be dismissed as frivolous and for failure to state a claim upon which relief could be granted. The district court adopted this recommendation and Wilson timely appealed.

We have reviewed the record, including the transcript of the Spears hearing and Wilson's brief, and have determined that the district court prematurely dismissed the excessive force claim

without sufficiently developing the record with respect to all the factors relevant to the resolution of the claim.  See Hudson v. McMillian, 503 U.S. 1, 7 (1992); Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998).  Specifically, under Hudson, a district court should follow three steps: (1) determine whether excessive force was used; (2) if so, resolve whether the resulting injury was *de minimis*; (3) assuming the court has reached the first two parts of the test, assess whether the use of force falls into a category of behavior which is repugnant to the conscience of humankind.  See Hudson, 503 U.S. at 9-10.  In making these determinations, we remind the district court that "the amount of force that is constitutionally permissible . . . must be judged by the context in which that force is deployed."  Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996).

In this case, the district court began and ended its analysis upon a finding that the use of force was *de minimis*.  We remand for a determination as to steps one and three listed above. We express no opinion on whether the facts of this case satisfy these steps.  Accordingly, we vacate and remand.

The district court also dismissed Wilson's retaliation claim on the basis that he had failed to exhaust his administrative remedies.  Wilson has not addressed this issue on appeal; therefore, he is deemed to have abandoned his retaliation claim. See Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  We affirm the district court on this issue.

3

AFFIRMED as to the claim of retaliation; VACATED and REMANDED for further consideration of the excessive force claim.

4