IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10289
Summary Calendar

_____

ROBERT V. KENNEDY,

Plaintiff-Appellant,

versus

D. WILMETH; RALPH THOMAS, M.D.; NURSE TYE, R.N.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(5:99-CV-63-C)

_____

September 26, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Robert V. Kennedy, Texas prisoner #580618, appeals, *pro se*, from the 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal, for failure to state a claim, of his prisoner civil rights action. (The dismissal followed a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).) Kennedy asserts: he received inadequate medical care for an infection in his foot that spread to other parts of his body; and prison officials retaliated against him for pursuing prison grievances.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs". *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Farmer v. Brennan*, 511 U.S. 825 (1994). "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The magistrate judge found that Kennedy received extensive treatment for his foot condition, including being referred to two specialists outside the prison for diagnosis and treatment. Because Kennedy's appellate contention regarding his medical-care amounts to no more than a disagreement with the treatment he received, his contention is unavailing.

In his complaint, the sole episode Kennedy linked to retaliation was that prison officials had forced him to work for four hours per day after he filed a grievance. But, he offered *no* testimony at the *Spears* hearing regarding retaliation. This claim, alone, does not give rise to an inference of any retaliatory motivation. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, *Palmero v. Woods*, 516 U.S. 1084 (1996). Kennedy raises his other claims of retaliation for the first time on appeal. Because resolution of those claims would require findings of fact by this court, they cannot demonstrate plain error. *See Robertson v. Plano City of Texas,* 70 F.3d 21, 23 (5th Cir. 1995).

2

*AFFIRMED*