IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21045
Summary Calendar
_____

KENNETH RICHARD ALLISON,

Plaintiff-Appellant,

versus

KNOX ASKINS; JOHN D. ARMSTRONG; CHARLES R. HUBER, JR.;
J. B. WILLIAMSON; A. GOONIE; DANIEL E. WALTERS; DEBBIE S.
WILMORE; CITY OF LA PORTE; JOHN DOE #1; NORMAN MALLONE;
ROBERT T. HERRERA; BOBBY POWEL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-3788
--------------------
June 18, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kenneth Richard Allison, pro se, appeals from the dismissal

of his civil rights complaint, alleging claims of

unconstitutional conditions of confinement at the La Porte,

Texas, City Jail, unlawful arrest and detention, and unreasonable

search and seizure of his property.  The district court dismissed

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Allison's claims against various La Porte officials and employees for failure to state a claim, among other reasons. FED. R. CIV. P. 12(b)(6).

The magistrate judge acted within her authority in ruling on Allison's motion to proceed in forma pauperis (IFP) and did not abuse her discretion in denying the motion, upon reexamination of the motion, for economic reasons. See 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B); Flowers v. Turbine Support Div., 507 F.2d 1242, 1244 (5th Cir. 1975). Allison has not demonstrated error in the magistrate judge's order specifying that only two of the defendants, Askins and Armstrong, be issued summonses. See 28 U.S.C. § 1915(e)(2); see Spears v. McCotter, 766 F.2d 179, 181-82 (5th Cir. 1985) (defendant may be required to provide a more definite statement of substance of claim before service of process is required).

Although the magistrate judge lacked the authority, under 28 U.S.C. § 636(b)(1)(A), to rule directly on his motion for injunctive relief, any defect was cured by the district court's de novo review of the magistrate judge's report and recommendation.

Contrary to Allison's appellate argument, the magistrate judge did not order Askins and Armstrong to file a motion for a more definite statement and did not order Allison to respond to the defendants' "discovery." Rather, after the magistrate judge granted the defendants' motion for a more definite statement, see

FED. R. CIV. P. 12(e), the magistrate judge instructed the defendants, in order to expedite a more definite statement of Allison's claims, to propound detailed and specific requests for information from Allison.

The magistrate judge did not abuse her discretion in refusing to compel the defendants to respond to Allison's discovery requests. See Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995)(en banc). Nor did the magistrate judge abuse her discretion in ordering Allison, on October 18, 2000, "not to file any further pleading, motion, or response until the court has ruled on the pending motions to dismiss and for summary judgment." See Union City Barge Line v. Union Carbide Corp., 823 F.2d. 129, 135 (5th Cir. 1987) (district court has broad discretion to control its own docket).

Allison has failed to set forth any factual allegations on appeal in support of his claims of unconstitutional conditions of confinement at the jail, wrongful arrest and detention, or unconstitutional search and seizure of his property. Allison attempts to incorporate by reference arguments made in numerous district court pleadings. Previously raised arguments may not be incorporated by reference. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Allison makes only conclusory allegations on appeal regarding his civil rights claims, Allison has abandoned those issues on appeal. Id. (arguments not briefed

on appeal are waived); see also Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.