**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 5, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41402
Summary Calendar

_____

FRANK HENRY LEE,

Plaintiff-Appellant,

versus

GARY HENNIGAN, Sheriff, Tyler County Texas;
TYLER COUNTY TEXAS; UNIDENTIFIED,
Safety Officer, Jail Administrator;
UNIDENTIFIED, Safety Officer, Chief Jailer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-77
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Frank Henry Lee, Texas prisoner #1010741, appeals the dismissal with prejudice of his suit brought under 42 U.S.C. § 1983. He argues, inter alia, that the magistrate judge abused her discretion by holding an evidentiary hearing under Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Magistrate Judge Guthrie recommended dismissing Lee's case after holding a <u>Spears</u> hearing.  Lee filed timely objections to her recommendation.  The district court, Chief Judge Hannah, conducted a <u>de novo</u> review, adopted the findings and conclusions of the magistrate judge, ruled that Lee's objections were without merit, and dismissed the case with prejudice as frivolous.

Without ruling on the merits of the dismissal, we <u>sua</u> <u>sponte</u> VACATE the district court's judgment and REMAND with directions to refer the matter to another district judge.  The district court judge here should have recused himself under 28 U.S.C. § 455(a) because he is the spouse of the Magistrate Judge, and thus an objective observer would have questioned his impartiality in reviewing her recommendations.

There is nothing in the record to suggest that Lee, a prisoner proceeding <u>pro se</u>, ever knew or reasonably could have known of the fact requiring recusal.  Because of this and because recusal was so clearly required, we exercise our discretion to vacate the judgment in the interest of promoting confidence in the judiciary by avoiding even the appearance of impropriety.[1]

VACATED and REMANDED.

---

[1] We do not suggest that cases of this kind where the judgment has become final should be reopened absent some further inquiry into actual prejudice or similar considerations.  Nor do we address cases on direct appeal where the relevant facts were or should have been known to the appellant but that matter was not timely raised below.