IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-41340

Summary Calendar
_____


SALOMON MONTALVO, ET AL

                                            Plaintiffs

SALOMON MONTALVO

                                    Plaintiff - Appellant

                      versus

JUDGE LEE WILLIAMS, Etc., ET AL

                                            Defendants

BILL SKINNER, Sheriff of Wood County, TX; BILL COHEN, Jail
Administrator at Wood County, TX; TAMMY ROGERS, Wood County Jailer;
NADRA LOUDERMAN, Jailer at Wood County; MIKE ZACHERY, Wood County,
TX Jailer; THOMAS FERGUSON, Wood County, TX Jailer; MARK MILLER,
Wood County, TX Jailer; ROD HASHAWAY, Wood County, TX Jailer;
SHELLY ADAMS, Wood County, TX Jailer; TOMMY BARRETT

                                    Defendants-Appellees
                      _____

           Appeal from the United States District Court
                For the Eastern District of Texas
                     USDC No. 6:96CV 573
                      _____
                     November 20, 1998


Before HIGGINBOTHAM, JONES, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*]Local rule 47.5 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion

Salomon Montalvo, a Texas prisoner, filed a civil rights lawsuit against various officials at the Wood County Jail. Montalvo's complaint included three claims pursuant to 42 U.S.C. § 1983. First, Montalvo, a diabetic, alleged that prison officials, who failed to give him 5 of 642 scheduled insulin injections over an 11-month period while he was awaiting trial, were deliberately indifferent to his medical needs. Second, he claimed that defendants violated his procedural due process rights by placing him in solitary confinement without notice, explanation, or a hearing, and by restraining him in the solitary confinement cell. Third, he alleged that the jail's inadequate law library denied his right of access to the courts.

The case was referred to a magistrate judge on July 3, 1996, and the magistrate ordered a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). At the hearing, the parties consented to proceed before a magistrate judge, pursuant to 28 U.S.C. § 636(c). The defendants filed a motion for summary judgment, which the magistrate granted with respect to Montalvo's deliberate indifference claim and his claim concerning access to the courts. The magistrate did not grant summary judgment on the due process claim and thus presided over a bench trial. Following the trial, the magistrate judge found that the due process claim was without merit. Specifically, he found that officers had removed Montalvo to a separation cell only to restore order after he had created a disturbance by exposing his genitals to a group of

should not be published.

female prisoners, and that Montalvo was immobilized to prevent him from hurting himself following a suicide attempt. Motalvo appeals the summary judgment on the deliberate indifference claim and the judgment on the due process claim.

The district court did not err in awarding summary judgment. On a deliberate indifference claim, a pretrial detainee must allege acts or omissions constituting deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also Hare v. City of Corinth, 74 F.3d 633, 643, 646-48 (5th Cir. 1996) (en banc). Merely negligent treatment or diagnosis of a medical condition is not constitutionally inadequate. See Hare, 74 F.3d at 645. The defendants' affidavits in this case show that at worst the defendants were merely negligent in treating Montalvo; while officials admit to forgetting to giving the injections during unusually busy time periods, they demonstrate that they acted promptly to give Montalvo medical care once they found out about their failure. Montalvo's claims that the failure to give medical care was intentional are conclusory, and this is not enough to survive summary judgment. See Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).[1]

Montalvo's due process claim was also disposed of properly. Montalvo challenges the magistrate's credibility determinations, but these were not clearly erroneous, especially in light of

---

[1]Montalvo has also claimed that the defendants were deliberately indifferent to his severe emotional illnesses. This issue is raised for the first time on appeal, and we therefore will not consider it. See, e.g., United States v. Jackson, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995).

Montalvo's admission in his briefs that he had attempted suicide. See, e.g., <u>Justiss Oil Co. v. Kerr-McGee Refining Corp.</u>, 75 F.3d 1057, 1067 (5th Cir. 1996).

AFFIRMED.