United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 06-40235
Conference Calendar

————————————

RICKY L. WALKER,

                                        Plaintiff-Appellant,

versus

P.W. PACE, Regional Director of Grievance; WESLEY W. PRATT,
Assistant Warden; LYNWOOD B. COOK, Major,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-271
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Ricky L. Walker, Texas prisoner # 585916, appeals from the
dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for
failure to state a claim, pursuant to 28 U.S.C. § 1915A.

     Walker complains of the Spears v. McCotter, 766 F.2d 179
(5th Cir. 1985), hearing in his case being conducted by the
magistrate judge.  He also asserts that Assistant Warden Wesley
Pratt should not have been allowed to testify at the hearing.
The magistrate judge had statutory authority to conduct the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearing, 28 U.S.C. § 636(b)(1)(A), and this court recognizes that prison officials may testify at <u>Spears</u> hearings.  <u>See</u> <u>Wilson v. Barrientos</u>, 926 F.2d 480, 483 (5th Cir. 1991).

Walker's allegations and his testimony at the <u>Spears</u> hearing do not give rise to an inference that Major Lynwood Cook retaliated against him for filing a grievance against the prison education department.  Rather, the allegations suggest that Walker was placed in safekeeping for his own safety.  <u>See</u> <u>Johnson v. Rodriquez</u>, 110 F.3d 299, 310 (5th Cir. 1997) (requiring that the conduct alleged to be retaliatory would not have occurred absent a retaliatory motivation).  Even if his allegations were true, no relief can be granted on the facts Walker alleged.  <u>See</u> <u>Bass v. Parkwood Hosp.</u>, 180 F.3d 234, 240 (5th Cir. 1999).

Walker's appeal is without arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983).  The appeal is dismissed.  <u>See</u> 5TH CIR. R. 42.2.  The district court's dismissal of Walker's action and this court's dismissal of his appeal each count as a strike against Walker for purposes of 28 U.S.C. § 1915(g).  <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996).  If he accumulates three strikes, he may no longer proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.