**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-40653
Summary Calendar

ROBERT M. FENLON,

Plaintiff-Appellant,

versus

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,
in Both His Official and Personal Capacity;
CHIEF ADMINISTRATOR OF UNIVERSITY OF TEXAS
MEDICAL PROVIDERS, Employed by University of Texas Medical Branch;
PERSONS UNKNOWN, Employed by Texas Department of Criminal Justice;
UNIDENTIFIED OFFICERS,
Employed by Texas Department of Criminal Justice;
LIEUTENANT BALDWIN,
Law Library Supervisor Employed by Texas Department of Criminal Justice,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
No. 6:07-CV-532

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

I.

Robert Fenlon, a Texas state prisoner, sued under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. The district court found Fenlon's claims entirely without merit and dismissed the lawsuit as frivolous under 28 U.S.C. § 1915A(b). Fenlon appeals. Finding no error, we AFFIRM.

I.

Fenlon brought nine claims; the first four related to a cancerous lump in his neck and an abdominal aneurysm. In his complaint and at an evidentiary hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), Fenlon stated that for years he was told that the lump on his neck was not cancer. It was later determined that the lump is squamous cell carcinoma, a type of cancer.

Fenlon claimed his chance of eradicating the cancer has been significantly harmed by the doctors' failure to identify it earlier. In his first cause of action, he alleged that his medical care reflects deliberate indifference to his medical needs. In his second, Fenlon averred that the six-month wait between the time his cancer was diagnosed and his operation shows deliberate indifference proximately caused by the policy of underfunding the prisoner medical care system. His third claim involved an abdominal aneurysm. Fenlon had complained to prison medical providers of a "pulsing lump" in his stomach, but they had told him it was not a problem. A few years later, that lump was diagnosed as an abdominal aneurysm. He claimed deliberate indifference. The aneurysm was di-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agnosed in June 2007 and operated on on August 7, 2007. He alleged that the forth-three-day delay between diagnosis and surgery showed deliberate indifference. In his fifth claim, Fenlon asked for an injunction ordering that his teeth be repaired. His sixth claim related to denial of post-operation medication at nighttime. He averred that the problem is with Texas Department of Criminal Justice ("TDCJ") policy, which does not provide nighttime medication to prisoners after surgery.

Fenlon's seventh claim concerned discomfort caused by the buses that regularly transport him from his prison to off-site medical hospitals at his request. Fenlon argued that the buses' "truck-like suspensions" and lack of air conditioning combined to create a ride that amounted to torture. In his final two claims, Fenlon argued that he was denied access to court. Specifically, he complained that he can access the prison's law library for only fifteen hours per week. He also contended that he could not file his petition for writ of certiorari to the U.S. Supreme Court, because the petition required a copy of the district court's opinion, and TDJC policy does not give prisoners access to a photocopy machine.

Fenlon presented these claims *pro se*. The district court held a *Spears* hearing, thoroughly identified Fenlon's factual and legal allegations, and comprehensively reviewed his prison records. The court then dismissed Fenlon's claims in a lengthy and exhaustively-documented opinion.

Fenlon appeals, arguing that the court failed to address his *true* allegations. He invites us to consider the judgment through the framework of the Madisonian Compromise and the Separation of Powers doctrine. We decline the opportunity to expound on the origins of our federal judiciary.

II.

The district court described the five-year delay in identifying the squamous cell carcinoma as the "heart of Fenlon's complaint." Although the court

sympathized with Fenlon's personal tragedy, it did not find evidence of deliberate indifference to his medical needs. "Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference." *Domino v. TDCJ-ID*, 239 F.3d 752 (5th Cir. 2001). The district court did not find a constitutional violation in the delay of several months for treatment or a policy of deliberately underfunding medical care for prisoners.

The court also dismissed Fenlon's allegations that prison bus rides amount to torture, citing *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981), for the proposition that restrictive and harsh prison conditions are part of the penalty imposed by society on criminal offenders. The court emphasized that mere discomfort or inconvenience does not amount to an Eighth Amendment violation, *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989), and Fenlon's allegations do not amount to anything more. Fenlon also did not show any constitutionally significant harm from the few hours during which he was denied pain medication. Nor did he show that prison officials were deliberately indifferent to his dental needs or that he has been denied access to court. The district court found Fenlon's entire complaint to be frivolous and meritless under § 1915A and *Neitzke v. Williams*, 490 U.S. 319, 325-27 (1989).

III.

We review a § 1915 dismissal as frivolous for abuse of discretion. *Wilson*, 878 F.2d at 850. "District courts have broad discretion in determining whether a complaint is frivolous." *Id*. at 849. The record establishes that Fenlon's claims are without merit. Mere medical negligence does not give rise to a § 1983 claim, just as mere discomfort on bus rides does not trigger the Eighth Amendment. Brief delays in receiving pain medication and medical care do not give rise to claims of a constitutional dimension, either. The district court held a *Spears*

hearing, carefully considered Felon's complaint, and reviewed his prison records. We find no error in that court's thorough and careful opinion, and, essentially for the reasons set forth therein, we AFFIRM. All pending motions are DENIED.