# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60479
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2015

Lyle W. Cayce
Clerk

ALBERT L. WATTS,

Plaintiff–Appellant,

v.

SHERIFF GREG WAGGNER; NURSE SIMS; MCQUA JONES; SHANE LANE, Deputy; LIEUTENANT SISTRUNK, Deputy Booking; CORNELIUS BUSTER TANNER,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-174

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Albert L. Watts, Mississippi prisoner # 14898, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 complaint in which he asserted claims arising from a fall down a flight of stairs and allegedly inadequate medical treatment for injuries sustained in the fall. Watts claimed, inter alia, that prison officials and staff acted with deliberate indifference to a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

risk of serious harm and to his serious medical needs.  He contends that the district court erred in determining that summary judgment was warranted on these issues and that the defendants were entitled to qualified immunity.  He further argues that the district court erred by denying him the appointment of counsel.  Watts has also filed a motion for leave to file his reply brief out of time.

This court reviews a grant of summary judgment de novo.  *See Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  This court "construe[s] all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment."  *See Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010).  However, the non-movant "must come forward with specific facts showing there is a genuine issue for trial."  *See Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks, citation, and emphasis omitted).

The evidence does not indicate the defendants knowingly exposed Watts to a serious harm, that they knew there was a substantial risk that serious harm might actually occur, or that they disregarded a risk by failing to take reasonable steps to abate the risk.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Watts's allegations therefore do not establish that the defendants acted with deliberate indifference to a risk of serious harm.  *See id.*  Additionally, the evidence establishes that Watts was treated by medical staff shortly after his fall and when he complained of pain.  In fact, Watts agreed at a hearing conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), that he was ultimately treated for his injuries.  Watts's assertions amount to nothing more than disagreement with the medical treatment he received,

No. 14-60479

which does not amount to deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Thus, Watts failed to establish an Eighth Amendment claim of deliberate indifference to a serious medical need. *See Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). As the district court did not err in determining that Watts failed to establish deliberate indifference to a risk of serious harm or to a serious medical need, the district court did not err in determining that the defendants were entitled to qualified immunity. *See Lytle v. Bexar County*, 560 F.3d 404, 409-10 (5th Cir. 2009).

The district court addressed other issues in its opinion, such as whether defendant Lane was personally involved in the complained of acts, whether defendants Jones and Waggner were liable under supervisory liability, and whether Watts's state law claims were barred. Watts fails to provide argument addressing the district court's determinations regarding these issues. He has therefore abandoned any potential challenge to these determinations. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Watts's motion for leave to file a reply brief out of time is GRANTED. However, for the foregoing reasons, the judgment of the district court is AFFIRMED.