# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-10245

————

KASSAN KHALID MORGAN,

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2018

Plaintiff-Appellant

Lyle W. Cayce
Clerk

v.

DANA RICHARDS, Correctional Officer; KIMBERLY SATTERFIELD, Correctional Officer; KEVIN DARDEN, Correctional Officer; RICK BREWSTER, Correctional Officer; JAMES RICHEY; MELISSA STENGEL; CHRISTOPHER ARIAS, Correctional Officer; FRANKIE L. HAYNES, Law Librarian; HAZELLE M. DAVIS, Correctional Officer V; KENNETH MADISON, JR.; ROBERT WAINSCOTT; JAMES TAPSCOTT; ADAM SALVADOR; NFN BOYAL, Captain,

Defendants-Appellees

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:12-CV-34

————

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kassan Khalid Morgan, Texas prisoner # 1306656, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his civil rights complaint as frivolous. By moving for leave to proceed IFP, Morgan is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10245

challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).  The inquiry into Morgan's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  We conclude that Morgan's appeal involves several non-frivolous issues.

First, Morgan contends that prison officials retaliated against him for filing a lawsuit against their coworkers.  He alleges that officials denied him food and water, used excessive force, and filed false disciplinary charges against him.  As to the denial of food, Morgan alleged in his response to a questionnaire from the court that defendant Kimberly Satterfield asked if he was "the Morgan suing her co-workers" and that, after he responded that he was, she threatened him and denied him food.  Based on Morgan's version of events, whether he has alleged a sequence of "events from which retaliation may be plausibly be inferred," *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), involves legal points arguable on their merits.  *See Howard*, 707 F.2d at 220; *see also Walker v. Savers*, 658 F. App'x 720, 729 (5th Cir. 2016) (finding retaliatory intent when officers confiscated Walker's typewriter immediately following a meeting in which another officer stated "'all of this'" was in retaliation for Walker's presuit notice).

In dismissing this claim, the district court credited Satterfield's version of events surrounding the denial of food, including her testimony that she was previously unaware of Morgan's prior suit.  The court determined that Satterfield could not give Morgan his food because he was masturbating near the cell door, an allegation Morgan denies.  The district court relied on testimony in a hearing before a magistrate judge in the context of Morgan's motion for a preliminary injunction.  The district court noted that although it

2

No. 16-10245

did not conduct a *Spears*[1] hearing, the hearing before the magistrate judge served the same purpose. In crediting Satterfield's testimony, the district court exceeded the scope of permissible credibility assessment for *Spears* testimony. *See Cay v. Estelle*, 789 F.2d 318, 327 (5th Cir. 1986) (the districts court's assessment of credibility of *Spears* testimony may only include the complainant's "change in position when exposed to interrogation . . . , major internal inconsistencies in a witness's testimony, or substantial conflicts between the testimony of supporting witnesses").

As to the denial of water, Morgan alleged that Satterfield threatened him for suing her coworkers and that about 20 to 30 minutes later she and defendant Dana Richards turned off the water in his cell, which left him without drinking water and with feces in his toilet. Based on Morgan's version of events, whether retaliation may be plausibly inferred involves legal points arguable on their merits.

Here, too, the district court credited Satterfield's testimony that Morgan's water was turned off after he flooded his cell and that she was unaware of Morgan's earlier suit. Morgan admits to flooding his cell with hot water in an attempt to get the attention of a ranking officer *after* the defendants turned off his cold water. In crediting Satterfield's testimony, the district court exceeded the scope of permissible credibility assessment for *Spears* testimony. *See Cay*, 789 F.2d at 327.

As to the use of force in retaliation, Morgan asserts that the defendants punched him in the face, head, back, and side. Morgan alleged that while beating him, the officers repeatedly told him to drop his lawsuit. Based on Morgan's version of events, whether he has established that a retaliatory motive can be inferred involves legal points arguable on their merits. The

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

district court concluded that the defendants' use of force was a result of Morgan's own recalcitrant conduct and not based on any retaliatory motive, apparently discrediting Morgan's assertions that the officers told him to drop the suit as they were beating him.   Here, too, the district court exceeded the scope of permissible credibility assessment for *Spears* testimony.   *See id.* at 327.

As to the filing of disciplinary charges, Morgan argues that the defendants retaliated against him by threatening to file, and by actually filing, false disciplinary charges against him.  The district court did not specifically address this claim.  In the district court, Morgan asserted Satterfield filed false disciplinary charges accusing him of masturbating in his cell four days after she asked him if he was "the Morgan suing her coworkers."  Because Morgan alleged that Satterfield specifically referenced the lawsuit prior to filing the false disciplinary complaint, whether the facts alleged support an inference of a retaliatory motive involves legal points arguable on their merits.

Next, Morgan asserts that the district court erred by dismissing his claim of denial of access to the courts.  Morgan alleged that prison officials denied him access to the courts by refusing to provide him with supplies, legal research materials, and postage.  As a result, he claimed that he was required to respond to a motion for summary judgment filed in his previous suit on toilet paper and that the district court rejected this filing and granted summary judgment in favor of the defendants.  The district court's docket in the relevant case corroborates that the court rejected Morgan's pleading in response to a motion for summary judgment because it was written on toilet paper.  Whether Morgan's allegations give rise to a claim of denial of access involves legal points arguable on their merits.

Finally, Morgan argues that the district court abused its discretion in dismissing as frivolous his claim that prison officials violated his Eighth Amendment rights by using excessive force against him. In his response to the district court's questionnaire, Morgan described the use of force as follows: on March 1, 2012, defendants Arias, Madison, Wainscott, Tapscott, and Salvador entered his cell as he was lying in his bunk. Salvador hit Morgan with a large plexiglass shield and two other defendants punched him his face and his head. Two additional defendants punched him in the ribs and sides. Morgan "balled up" on the floor to stop the punches to his face. Morgan then jerked himself backwards in the cell so that the incident would be "in view of the video camera." A defendant punched Morgan's buttocks and jabbed at his anus and testicles. After Morgan was handcuffed, he was punched on the side of his face. Defendants were "twisting and pushing and pulling" the handcuffs and shackles, trying to make Morgan scream in pain.

Morgan asserted that he had not engaged in any physical or verbal confrontation with a prison official and that he had not refused or failed to comply with any directive from a prison official, prior to the use of force. Morgan alleged that he suffered a "busted lip," bruises, facial swelling, and loss of circulation and feeling in his ankles and wrists. The district court determined that Morgan "failed to state facts which could demonstrate that the force was intended to cause harm and therefore excessive." However, based on Morgan's allegations, his argument that the force was excessive is involves a nonfrivolous issue arguable on the merits.

Morgan has shown that these claims are not frivolous and has demonstrated that he is financially eligible to proceed IFP. Therefore, Morgan's motion for leave to proceed IFP is granted. *See Baugh*, 117 F.3d at 202. We dispense with further briefing. We vacate in part the district court's

dismissal as frivolous of Morgan's retaliation claims, denial-of-access-to-the-courts claims, and excessive-force claim and remand for further proceedings. We otherwise affirm the district court's judgment. We also affirm the district court's denial of Morgan's motion for the appointment of counsel.

IFP GRANTED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED; AFFIRMED IN PART, VACATED IN PART, AND REMANDED.