United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60739
Summary Calendar

RICK SPRADLIN,

Plaintiff-Appellant,

versus

ROBERT JOHNSON, Commissioner, Individually and Officially;
DAVID TURNER, Superintendent, Individually and Official Capacity;
DON LEWIS, Lieutenant, Individually and Official Capacity,
MISSISSIPPI DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:00-CV-324-Gu
--------------------

Before BARKSDALE, EMILO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rick Spradlin appeals from a judgment dismissing his civil rights complaint after a trial and jury verdict in favor of the sole remaining defendant. Spradlin contended that the Mississippi Department of Corrections ("MDOC")and various supervisory officials within the MDOC violated his Eighth Amendment rights by failing to protect him from assaults from gang members.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Spradlin argues that the district court committed error in pre-trial proceedings when it dismissed Commissioner Robert Johnson and Superintendent David Turner. The district court screened the case pursuant to 28 U.S.C. § 1915(A) and conducted a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), prior to dismissing Johnson and Turner. Spradlin testified at the Spears hearing that he intended to sue both Johnson and Turner in their supervisory capacity. Spradlin's Spears hearing testimony does not indicate that Johnson and Turner were notified that Spradlin was incarcerated under conditions imposing actual risk of substantial impending harm and consciously and culpably refused to take steps to prevent it from occurring. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Spradlin's appellate argument that he notified Johnson and Turner of his concerns is unpersuasive. Thus, the district court did not err when it dismissed Johnson and Turner.

Spradlin also argues that the evidence was insufficient to support the jury verdict. Spradlin failed to move for judgment as a matter of law in the district court pursuant to Federal Rule of Civil Procedure 50(a). This issue is therefore reviewed only to determine if any evidence exists to support the jury verdict; if there is such evidence, the verdict will be upheld. See United States ex. rel. Wallace v. Flintco Inc., 143 F.3d 955, 962-63 (5th Cir. 1998). Evidence adduced at trial, including the trial testimony of the defendant and the prison warden, supports the

jury's determination that Spradlin failed to prove his failure to protect claim.

Spradlin has failed to adequately brief any other issue. Although this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). FED. R. APP. P. 28(A)(9) requires that the brief contain an argument, with "contentions and the reason for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review." See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Spradlin's brief lists issues for appellate review other than the district court's dismissal of Johnson and Turner and his challenge to the sufficiency of the evidence, but Spradlin fails to provide record citations, legal authority, and a coherent argument for each issue. Therefore, he has abandoned these issues by failing to brief them adequately.

The judgment of the district court is therefore AFFIRMED.