**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 18, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60817
Summary Calendar

EUGENE TURNER WRIGHT,

Plaintiff-Appellant,

versus

RICHARD PENNINGTON, Law Library Director; VALERIE SHOWERS
BURCHFIELD, Law Library Staff; KAREN CUMMINS, Acting Law Library
Technician,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-204
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Eugene Turner Wright, Mississippi prisoner # 05578, has
filed an application for leave to proceed in forma pauperis (IFP)
on appeal, following the district court's denial of Wright's FED.
R. CIV. P. 60(b) motion for relief from the judgment dismissing
his 42 U.S.C. § 1983 complaint for failure to state a claim. By
moving to proceed IFP, Wright is challenging the district court's
certification that IFP should not be granted on appeal because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

The district court determined that Wright's complaint, which alleged the mishandling of Wright's petition for a writ of certiorari to the United States Supreme Court, sounded in negligence and did not state a constitutional claim. In his IFP motion to this court, as in his Rule 60(b) motion, Wright contends that the negligent acts of the defendants resulted in a denial of the right of access to the courts, as well as in the violation of his rights to due process and equal protection. Negligent conduct is not actionable under 42 U.S.C. § 1983. Marsh v. Jones, 53 F.3d 707, 711-12 (5th Cir. 1995).

Wright also argues, as he did in his Rule 60(b) motion, that the district court erred procedurally in handling his action. Specifically, Wright contends that the district court should have provided him an opportunity to amend his complaint, that he was entitled to a hearing under Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), that his complaint should not have been dismissed prior to service on the defendants, and that his pro se complaint was not given the benefit of liberal construction. Wright's arguments fail to show that the district court abused its discretion in denying his Rule 60(b) motion. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues.

Wright's request for IFP status is denied, and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR.

R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal of Wright's complaint for failure to state a claim. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Wright is hereby cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.