**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-10216
Summary Calendar
_____

RAYMOND E. CAVES

Plaintiff-Appellant

v.

ADEL NAFRAWI, M.D., Robertson Unit; DEBORAH CALDWELL, N.P., Robertson Unit; KAREN HORSLEY, L.V.N., Robertson Unit

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CV-143

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raymond Edwin Caves, Texas inmate # 919337, has moved for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous. The district court denied Caves IFP status on appeal and certified that the appeal was not taken in good faith.

By moving for leave to proceed IFP, Caves is challenging the district court's certification that the appeal is not taken in good faith. *Baugh v. Taylor*,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

117 F.3d 197, 202 (5th Cir. 1997). Caves argues that the district court erred in dismissing his complaint because he can prove that the court was working in "collusion" with the Texas Department of Criminal Justice and the medical department and because the district court failed to appoint him an attorney. Caves, however, fails to address the district court's findings, following a *Spears*[1] hearing at which Caves testified, that his claim that he was denied proper medical treatment was not cognizable because he had not argued that the appellees demonstrated deliberate indifference to his serious medical needs. Caves has thus abandoned any challenge to the district court's denial of IFP on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, we deny Caves's IFP motion, as well as his concurrent motion for the appointment for counsel on appeal, and we dismiss his appeal as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The district court's dismissal of Caves's § 1983 complaint as frivolous and our dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Caves is warned that, if he accumulates three strikes pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).