# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 27, 2010

No. 09-60874
Summary Calendar

Lyle W. Cayce
Clerk

GARY D. ALLEN,

Plaintiff-Appellant

v.

MICHELLE GUNN; NORTHROP GRUMMAN SHIP SYSTEMS; RON WOODALL, Doctor; CHRISTOPHER EPPS,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CV-393

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gary D. Allen, Mississippi prisoner # 103328, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants denied him access to medical care. The parties consented to proceed before a magistrate judge, who dismissed Allen's complaint on the ground that he failed to state a claim against the defendants for constitutionally inadequate medical care. The MJ granted Allen leave to proceed in forma pauperis (IFP) on appeal, but denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Allen's request for a transcript of the hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), on May 12, 2009. Allen now moves this court for a copy of the transcript at government expense.

Allen cannot satisfy the criteria for obtaining a transcript at government expense set forth in 28 U.S.C. § 753(f) because his appeal is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Allen's allegations, if true, amount to nothing more than a disagreement with medical treatment, which is insufficient to give rise to a § 1983 claim. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Accordingly, Allen's motion for a transcript at government expense is denied, and the appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

We caution Allen that dismissal of this appeal as frivolous and the MJ's dismissal of his complaint for failure to state a claim each count as a strike. *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). If Allen accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.