# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 20, 2011

Lyle W. Cayce
Clerk

No. 10-40913
Summary Calendar

OTHA JAMES,

Plaintiff-Appellant

v.

UNIVERSITY OF TEXAS MEDICAL BRANCH MEDICAL CENTER AND PHARMACY; CMC PHARMACY; C. KYLE; D. STEBBINS; R. GILMARTIN; S. LIVELY; Q. NIX; J. SECKLET; UNKNOWN ASHFORD,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-489

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Otha James, Texas prisoner # 1258537, has had a series of operations on his right hand since breaking it in 1998. He has suffered pain as a result and underwent surgery again in 2009. Both before and after this surgery, James's health care providers prescribed Tylenol #3. According to James, on numerous occasions, various prison personnel delayed providing him Tylenol #3 or refused

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40913

to provide it, in violation of the Eighth Amendment. Following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), the magistrate judge, proceeding with consent of both parties, determined that James's complaint was frivolous and failed to state a claim and dismissed the suit pursuant to 28 U.S.C. § 1915A. James now appeals.

We review a dismissal pursuant to § 1915A de novo. *See Longoria v. Dretke*, 507 F.3d 898, 900 (5th Cir. 2007). Our review of the record satisfies us that the magistrate judge correctly dismissed James's claims that the defendants acted with deliberate indifference to a serious medical need. *See Domino v. Texas. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). We thus conclude that James's appeal is without arguable merit, and we dismiss it as frivolous. *See* 5TH CIR. R. 42.2. James is cautioned that the dismissal of his suit by the magistrate judge and the dismissal of his appeal count as strikes pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). He is further cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). James's motion for appointment of counsel is denied.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.