# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2012

No. 11-50426
Summary Calendar

Lyle W. Cayce
Clerk

JOHN H. CONDITT,

Plaintiff-Appellant

v.

RISSIE OWENS, Chairman, Board of Pardons and Paroles; HOWARD
THRASHER, Parole Commissioner; ELVIS HIGHTOWER, Parole
Commissioner; DAVID GUTIERREZ, Board Member; MS. IRTEIMEH, Parole
Representative; RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; K.
SHEELY, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CV-90

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John H. Conditt, Texas prisoner # 1217751, filed a 42 U.S.C. § 1983
complaint alleging that parole review procedures in Texas violated his
constitutional rights. The district court granted the defendants' Federal Rule

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  We review the grant of a Rule 12(b)(6) motion de novo.  *See Lampton v. Diaz,* 639 F.3d 223, 225 (5th Cir. 2011).

On appeal, Conditt repeats his argument the parole review procedures in Texas violate his right to due process.  We have long held that Texas prisoners have no protected liberty interest in parole; as a result, Conditt can not raise a procedural or substantive due process challenge to any state parole review procedure.  *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).  He also argues that allowing wealthier prisoners to retain "parole consultants," who often are able to obtain more favorable review for their clients, results in an equal protection violation.  "A violation of the equal protection clause occurs only when, inter alia, the governmental action in question classifies between two or more relevant persons or groups." *Johnson*, 110 F.3d at 309.  Because the Texas Board of Pardons and Paroles does not classify wealthy prisoners differently from poor prisoners, Conditt has not established a valid equal protection claim. *See id.*

Conditt also argues that the district court failed to address claims that a prison official improperly seized some of his documentary evidence and that the district court failed to address a request for class action status.  Although Conditt did allege that a prison mail room supervisor had seized some of his documents, he never named this supervisor as a defendant.  Conditt also failed to make any attempt to establish that his complaint merited class action status under Federal Rule of Civil Procedure 23; we also note that the dismissal of Conditt's complaint on its merits mooted any request for class certification.  As a result, we also deny his motions on appeal for class-action certification and appointment of class-action counsel.

Finaly, Conditt states in his appellate brief that the district court did not conduct an evidentiary hearing pursuant to *Spears v. McCotter,* 766 F.2d 179, 181-82 (5th Cir. 1985).  Even if we assume that Conditt intended to argue that

the district court erred by not holding such a hearing, Conditt has not presented any argument to show that the district court erred.  Moreover, because his complaint was legally meritless, there was no prejudice arising from the lack of a *Spears* hearing.  *See Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998).

AFFIRMED; MOTIONS DENIED.