# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2012

No. 11-31006

Lyle W. Cayce
Clerk

SONYA TURNER; VENA CORMIER; WESLEY J. NIXON; JULIE CONSTANCE; CHARLOTTE JOURDAN; ANGIE MALONE; JOHN SHIPMAN,

Plaintiffs–Appellants

v.

PAN AMERICAN LIFE INSURANCE COMPANY,

Defendant–Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-450

Before KING, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs–Appellants Sonya Turner, Vena Cormier, Wesley J. Nixon, Julie Constance, Charlotte Jourdan, Angie Malone, and John Shipman ("Plaintiffs") participated in a 401(k) defined contribution retirement plan (the "Plan") established by Larry Talbert ("Talbert"), the founder of Progix, Inc. ("Progix"). Pursuant to an agreement with Progix, Defendant–Appellee Pan American Life

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-31006

Insurance Company ("Pan American") received and invested participants' contributions.

Plaintiffs filed suit against Pan American for breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging that Pan American improperly froze participants' Plan accounts after an investigation revealed that Talbert had failed to forward employees' contributions to Pan American. Plaintiffs contend that the freeze prevented participants from withdrawing their contributions or making interfund transfers, and that participants' accounts lost value as a result. Plaintiffs sought to represent a class composed of all participants who suffered losses as a result of the alleged freeze.

The district court denied Plaintiffs' motion for class certification and thereafter denied their motion to amend the complaint. After a bench trial on the merits, the district court concluded that Pan American was not an ERISA fiduciary, and that even if it were, its actions during the alleged freeze did not cause the participants to incur any damages. The district court dismissed the lawsuit with prejudice. For the following reasons, we AFFIRM:

1. The district court properly concluded that Pan American was not a fiduciary under ERISA, as it did not exercise the requisite discretionary authority with respect to the Plan. *See* 29 U.S.C. § 1002(21)(A); *Reich v. Lancaster*, 55 F.3d 1034, 1046 (5th Cir. 1995). Pan American was not permitted to exercise discretion under the Plan documents themselves, which limited Pan American's role to the performance of "nondiscretionary, ministerial services," none of which "shall . . . cause the Company to be characterized as a fiduciary." Nor did Pan American in fact exercise any discretion. It continued to permit interfund transfers during the alleged freeze,[1] and its refusal to permit

---

[1] In light of the evidence presented at trial, we find no basis to conclude that the district court clearly erred in this factual determination. *See Anderson v. City of Bessemer City, N.C.,*

No. 11-31006

participants to make unilateral withdrawals was a ministerial function. Under the Plan documents, the Plan Administrator (Progix) was required to approve all such withdrawals, but it never did so. Because Pan American was not an ERISA fiduciary, the district court properly dismissed Plaintiffs' breach of fiduciary duty claim. *See* 29 U.S.C. § 1109(a).

2. As we affirm the district court's dismissal of Plaintiffs' claim on the merits, we need not consider their arguments with respect to class certification and amendment of the complaint. *See, e.g.*, *Conditt v. Owens*, 457 F. App'x 420, 422 (5th Cir. 2012) ("[D]ismissal of Conditt's complaint on its merits mooted any request for class certification."); *Cesary v. Second Nat'l Bank of N. Miami*, 598 F.2d 348, 349 (5th Cir. 1979); *see also Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991) ("We . . . affirm denials of motions to amend when amendment would be futile.").

3. The district court properly declined to award attorneys' fees to Plaintiffs. *See* 29 U.S.C. § 1132(g)(1). Although we have recognized that "a party need not prevail in order to be eligible for an award of attorneys' fees under § 1132(g)(1) of ERISA," *Gibbs v. Gibbs*, 210 F.3d 491, 503 (5th Cir. 2000), no such award is warranted here. Plaintiffs have not demonstrated that their position has merit, that Pan American acted in bad faith, or that any other factors favor an award of attorneys' fees in this case. *See id.* at 504.

AFFIRMED.

---

470 U.S. 564, 573-74 (1985) ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.").

3