# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 14, 2012

Lyle W. Cayce
Clerk

No. 11-11193
Summary Calendar

CRAIG E. MENDENHALL, also known as Edward Lee Alex, also known as James Surdath,

Plaintiff-Appellant

v.

DR. MACK HUGHES, Unit Director - Dental Department,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CV-133

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Craig E. Mendenhall, Texas prisoner # 359197, filed a civil rights complaint asserting several causes of action against Dr. Mack Hughes, the director of the dental department at Mendenhall's prison unit. Mendenhall moved for a preliminary injunction in which he essentially requested that the district court order Dr. Hughes to arrange for the repair or replacement of Mendenhall's dental prosthetic. The district court denied the motion for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preliminary injunction based on its determination that Mendenhall had not met his burden to establish any of the four required elements. *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). This interlocutory appeal followed. We have jurisdiction to review the propriety of the district court's ruling on the motion. *See Byrum v. Landreth*, 566 F.3d 442, 444 (5th Cir. 2009); 28 U.S.C. § 1292(a)(1).

The district court's decision to deny a preliminary injunction is reviewed for abuse of discretion. *Anderson v. Jackson*, 556 F.3d 351, 355 (5th Cir. 2009). "Only under extraordinary circumstances will we reverse the denial of a preliminary injunction." *Id.* at 355-56 (internal quotation marks and citation omitted).

Mendenhall contends that the district court abused its discretion in denying his request for a preliminary injunction. He argues that he was denied the opportunity to be heard on his request for injunctive relief because the district court denied his motion without providing notice to Dr. Hughes.

Federal Rule of Civil Procedure 65(a)(1) provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." This requirement "mean[s] that where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (footnote, citation, and internal quotation marks omitted). "The purpose of this requirement is to give the opposing party a fair opportunity to oppose the preliminary injunction." *Weitzman v. Stein*, 897 F.2d 653, 657 (2d Cir. 1990) (quotation omitted).

The district court did not violate Rule 65(a)(1) where it denied Mendenhall's request for a preliminary injunction. Given that Mendenhall's motion for a preliminary injunction was denied after the magistrate judge had conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and after relevant dental records had been received, we cannot conclude that Mendenhall was denied a fair opportunity to be heard.

No. 11-11193

Mendenhall has made no effort to show error in the district court's determination that he failed to satisfy the four requirements for obtaining a preliminary injunction. Accordingly, we need not address these requirements. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Mendenhall has failed to show an abuse of discretion, the district court's denial of his motion for a preliminary injunction is affirmed. *See Anderson*, 556 F.3d at 355.

Mendenhall has moved for the appointment of appellate counsel. The instant case presents no exceptional circumstances requiring appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Accordingly, the motion is denied.

AFFIRMED; MOTION DENIED.