# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 18, 2012

Lyle W. Cayce
Clerk

No. 12-10249
Summary Calendar

VICTOR LEMOYNE FRANKLIN,

Plaintiff-Appellant

v.

UNKNOWN BUS DRIVERS, Officially and Individually; RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, Officially and Individually; LISA VATANI, Officially and Individually; UNKNOWN SHOTGUN RIDER; MEDICAL DEPARTMENT; BUS DRIVER #1, Officially and Individually; BUS DRIVER #2, Officially and Individually; BUS DRIVER #3, Officially and Individually; UNIVERSITY OF TEXAS MEDICAL BRANCH - GALVESTON; CAREY S. STAPLES, Assistant Warden, Officially and Individually; VALERIE STERNER, Medical Provider, Officially and Individually; ROBERT D. HERRERA, Officially and Individually,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-168

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10249

Victor Lemoyne Franklin, Texas prisoner # 1587120, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The magistrate judge, before whom Franklin consented to proceed, denied his IFP motion and certified that the appeal was not taken in good faith. By moving for IFP status, Franklin is challenging the magistrate judge's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Aside from conclusional allegations that he cannot effectively proceed without a transcript of the *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), hearing and that he has not been given an opportunity to conduct discovery in order to identify the bus drivers, Franklin does not challenge the magistrate judge's determination that the appeal was not taken in good faith. He also does not address the magistrate judge's reasons for the certification decision, which were set forth in the order to dismiss with prejudice as frivolous. Therefore, these issues are deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Franklin has not shown that the magistrate judge's certification was incorrect. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Franklin's IFP motion is denied, and his appeal is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Franklin's motion for the appointment of counsel on appeal is also denied.

The magistrate judge's dismissal of Franklin's complaint as frivolous and the dismissal of the instant appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). Franklin is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.