# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 21, 2013

No. 12-10441
Summary Calendar

Lyle W. Cayce
Clerk

DOMINGO ROBLEDO,

Plaintiff-Appellant

v.

RICHARD G. LEAL, Assistant Warden; RICHARD D. DANIEL, Captain; TIMOTHY HOOPER, Captain of Security; CHARLES S. HENDRIX, Lieutenant of Security; SUSAN WILBURN, Assistant Regional Director; EDWARD L. WHEELER, Senior Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-77

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Domingo Robledo, Texas prisoner # 561997, appeals the magistrate judge's dismissal of his civil rights complaint as frivolous. The complaint alleged that he was subjected to strip searches in violation of the First, Fourth, Eighth, and Fourteenth Amendments; the Religious Land Use and Institutionalized Person's Act ("RLUIPA"), 42 U.S.C. § 2000cc; and the Texas Religious Freedom

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Restoration Act ("TRFRA"). Robledo's motion seeking to file an out-of-time reply brief is GRANTED.

We review the magistrate judge's dismissal of the complaint as frivolous for an abuse of discretion. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). A complaint is frivolous and lacks an arguable basis in law if it is based upon an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint is factually frivolous if the "factual contentions are clearly baseless." *Id.*

On appeal, Robledo challenges the magistrate judge's: (1) dismissal as frivolous of his claims alleging that strip searches conducted following Christian worship services in the prison chapel violated the RLUIPA and the Fourth Amendment and were retaliatory; (2) denial of his motion seeking a preliminary injunction; (3) decision declining to exercise jurisdiction over his pendent state law claims under the TRFRA; and (4) imposition of a strike pursuant to 28 U.S.C. § 1915(g), in dismissing his complaint. In Robledo's statement of issues in his appellate brief, he lists the magistrate judge's denial of his motion for the appointment of counsel as an issue for appeal, but he has failed to brief the issue, abandoning it for the purposes of appeal. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although Robledo states that he alleged in the district court that Administrative Directive 03.22 was disparately applied, Robledo does not challenge the magistrate judge's determination that a violation of prison policy, standing alone, is not a constitutional violation. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Robledo also does not challenge the magistrate judge's determination that his allegations regarding the removal of chairs from the chapel and regarding limitations on the number of inmates permitted to attend worship services failed to demonstrate that he was deprived of a constitutional right. He therefore has abandoned any challenge to these issues on appeal. *See Brinkmann*, 813 F.2d at 748.

No. 12-10441

Based on the facts as alleged by Robledo in his complaint and at the *Spears*[1] hearing, Robledo's RLUIPA, Fourth Amendment, and retaliation claims are not based upon an indisputably meritless legal theory, and his factual contentions are not clearly baseless. *See Neitzke*, 490 U.S. at 327. Therefore, the magistrate judge's dismissal of these claims on the ground that the claims were frivolous was an abuse of discretion. *See Norton*, 122 F.3d at 291. Thus, we VACATE the magistrate judge's dismissal of these claims as frivolous and REMAND for further proceedings. The magistrate judge's decision declining to exercise pendent jurisdiction over Robledo's TRFRA claims and the decision denying injunctive relief rested on the erroneous conclusion that Robledo's claims were frivolous; therefore the magistrate judge's rulings on those issues are also VACATED and we REMAND for further proceedings. We express no view on how the magistrate judge should rule on remand. Finally, we also REVERSE the magistrate judge's decision to impose a strike against Robledo. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

AFFIRMED IN PART, VACATED IN PART, AND REMANDED; IMPOSITION OF STRIKE REVERSED; MOTION TO FILE OUT-OF-TIME REPLY BRIEF GRANTED.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).