# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2014

Lyle W. Cayce
Clerk

No. 13-10307
Summary Calendar

DOMINGO ROBLEDO,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice; RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; BILL PIERCE, Director of Chaplaincy, Texas Department of Criminal Justice, Correctional Institutions Division; WALLACE NELSON, Regional Chaplain, Texas Department of Criminal Justice Region VI; GILBERT CAMPUZANO, Regional Chaplain, Texas Department of Criminal Justice Region VI; LINDA RICHEY, Regional Assistant, Region VI; B. ARMSTRONG, Assistant Regional Director, Region VI; ARCHIE SCARBOROUGH, Robertson Unit, Chaplain; EDWARD L. WHEELER, Senior Warden; RONALD P. WILLIAMS, Captain of Security; RICHARD G. LEAL, Assistant Warden; JIMMY O. BETCHER, Assistant Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:12-CV-61

No. 13-10307

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Domingo Robledo, Texas prisoner # 561997, seeks leave to proceed in forma pauperis (IFP) to appeal the dismissal of his civil rights complaint. By moving for leave to proceed IFP, Robledo is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a). Robledo does not address the district court's dismissal of his claims alleging the deprivation of the free exercise of religion and retaliation, the dismissal of his claim regarding the application of the prison fire safety code, or the dismissal of his claims for monetary damages against the defendants in their official capacities. Because Robledo has not briefed these issues, they are deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Robledo argues that the district court abused its discretion in dismissing as frivolous his claim that he was deprived of participating in weekly Christian worship services for months in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, and he further challenges the district court's dismissal of his claim arising under the Texas Religious Freedom Restoration Act (TRFRA). Based on the facts as alleged by Robledo in his complaint and at the *Spears*[1] hearing, Robledo's RLUIPA claim is not based upon an indisputably meritless legal theory, and his factual contentions are not clearly baseless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Mayfield v. Texas Department of Criminal Justice*, 529 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

599, 614-17 (5th Cir. 2008). The "appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Further, Robledo has demonstrated that he is financially eligible to proceed IFP. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Therefore, Robledo's motion for leave to proceed IFP is granted. *See Baugh*, 117 F.3d at 202. His motion to file a supplemental brief in support of his IFP motion also is granted. We dispense with further briefing.

Thus, we vacate in part the district court's dismissal as frivolous of Robledo's RLUIPA claim and remand for further proceedings. The district court's decision declining to exercise supplemental jurisdiction over Robledo's TRFRA claim rested in part on the erroneous conclusion that Robledo's RLUIPA claim was frivolous; therefore we vacate the district court's ruling on this issue and remand for further proceedings. We express no view on how the district court should rule on remand. To the extent that the district court's judgment dismissed Robledo's official-capacity claims for damages as barred by the Eleventh Amendment and dismissed as frivolous his free exercise of religion claim, his retaliation claim, and his claim concerning the application of the fire safety code, we affirm.

IFP GRANTED; MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; AFFIRMED IN PART, VACATED IN PART, AND REMANDED.