# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11230

United States Court of Appeals
Fifth Circuit

**FILED**
July 30, 2015

Lyle W. Cayce
Clerk

PEDRO RODRIGUEZ-CORTEZ,

Plaintiff-Appellant

v.

DALBY CORRECTIONAL FACILITY; WARDEN L. BOND, Dalby's Official Administrative Authority; LIEUTENANT V. JUAREZ, Dalby's Offical Authorizing Supervisor; SIA M. MENDEZ, Dalby's Official; MRS. NFN COPELAND, Dalby's F.C. Food Service Departament; MR. NFN GOMEZ, Dalby's F.C. Food Service Departament; MR. NFN BARRON, Dalby's F.C. Food Service Departament; MRS. NFN MOLINA, Dalby's Food Service Departament; MEDICAL DEPARTMENT,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CV-12

Before JONES, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Pedro Rodriguez-Cortez, federal prisoner # 62394-080, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed this 42 U.S.C. § 1983 action against various medical and prison personnel at the Giles W. Dalby

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11230

Correctional Facility (Dalby Facility), a private correctional facility operated pursuant to a contract with the Federal Bureau of Prisons.  Rodriguez-Cortez alleged that the defendants employed with the Dalby Facility Food Service Department and the medical department acted with deliberate indifference to his serious medical needs, discriminated and retaliated against him, and wrongfully treated him during his incarceration at the Dalby Facility.

Rodriguez-Cortez consented to proceed before the magistrate judge, who conducted an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985).  Following the hearing, the magistrate judge dismissed Rodriguez-Cortez's action as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.  Because Rodriguez-Cortez complained of constitutional violations that allegedly occurred during his incarceration as a federal prisoner, the magistrate judge construed his action as one filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Citing *Minneci v. Pollard*, 132 S. Ct. 617, 620, 626 (2012), the magistrate judge concluded that because Texas tort law provided an adequate alternative remedy, *Bivens* did not authorize an action for damages against the Dalby Facility employees for alleged inadequate medical care.  The magistrate judge further concluded that based on Rodriguez-Cortez's amended complaint, his testimony at the *Spears* hearing, and the authenticated records, there was no indication that the defendants acted with deliberate indifference to his medical needs, discriminated against him, retaliated against him, or wrongfully treated him in any way, and that Rodriguez-Cortez had not stated a constitutional claim.  The magistrate judge denied Rodriguez-Cortez's motion to proceed IFP on appeal, certifying that his appeal was not taken in good faith pursuant to § 1915(a)(3) and FED. R. APP. P. 24(a)(3).

No. 14-11230

By moving to proceed IFP, Rodriguez-Cortez is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal under 5th Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Rodriguez-Cortez does not challenge the district court's reasons for dismissing his complaint or denying him leave to proceed IFP on appeal. Pro se briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Rodriguez-Cortez has failed to challenge any legal aspect of the district court's disposition of his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of his appeal. *Id*. Thus, the appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Rodriguez-Cortez's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. His motion for appointment of counsel is also DENIED.

We hereby inform Rodriguez-Cortez that the dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g), in addition to the strike for the district court's dismissal. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). We caution Rodriguez-Cortez that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is

No. 14-11230

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED; APPOINTMENT OF COUNSEL DENIED.