# United States Court of Appeals for the Fifth Circuit

———————

No. 22-60677

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2023

Lyle W. Cayce
Clerk

REGGIE WILBURN,

*Plaintiff—Appellant*,

*versus*

SHAWN WORD, *Oktibbeha County Jail Administrator*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:22-CV-56

———————————————————————

Before HIGGINBOTHAM, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Reggie Wilburn, Mississippi prisoner # L6954, filed a 42 U.S.C. § 1983 complaint for an injury sustained during a slip and fall accident while detained in the Oktibbeha County Jail.  The district court dismissed the complaint with prejudice for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The district court also denied Wilburn postjudgment motions for recusal and reconsideration.  *See* 28

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-60677

U.S.C. §§ 144 & 455; Fed. R. Civ. P. 59(e).  Wilburn has now filed a motion for authorization to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because Wilburn will not present a nonfrivolous appellate issue.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Wilburn makes the conclusional assertion that the magistrate judge erred in denying his § 1983 action without conducting a *Spears*[1] hearing or reviewing his medical records.  He also makes the conclusional assertion that the magistrate judge was biased.  Wilburn, however, makes no attempt to meaningfully brief a substantive argument with respect to his claim alleging unconstitutional conditions of confinement.  He also fails to adequately challenge the determination that his claim was prescribed and, alternatively, that he failed to state a claim of supervisory liability against the defendant.  As such, Wilburn's claims with respect to his § 1983 complaint and postjudgment motions are deemed abandoned.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The appeal is without arguable merit and is thus frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Wilburn's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED.  *See* 5th Cir. R. 42.2. The dismissal as frivolous of this appeal counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  In addition, the district court's dismissal of his original complaint for failure to state a claim upon which relief may be granted also counts as a

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

No. 22-60677

strike. *See* § 1915(g); *Adepegba*, 103 F.3d at 388. Wilburn is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).